In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00149-CV
______________________________


MARION THOMAS WEST, INDIVIDUALLY AND D/B/A 
ROYLE CONTAINER COMPANY, Appellants
Â 
V.
Â 
BRENNTAG SOUTHWEST, INC., SUCCESSOR IN INTEREST TO 
DELTA SOLVENTS AND CHEMICAL COMPANY, 
FORMERLY D/B/A DELTA CONTAINER, Appellees


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the County Court at Law No. 2
Gregg County, Texas
Trial Court No. 2002-90-CCL2


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â Â Marion Thomas West, Individually and d/b/a Royle Container Company has filed a purported
appeal. He filed a docketing statement with this Court reflecting that a jury had reached a verdict
and that he filed his notice of appeal November 7, 2003. He has requested preparation of the clerk's
and reporter's records, neither of which has been filed. This is likely because the trial court has
signed no judgment in this case.
Â Â Â Â Â Â Â Â Â Â Â Â On April 2, 2004, over five months after West filed his notice of appeal, we recognized no
record had been filed and no action apparently taken to obtain it. We then contacted counsel by
letter, specifically pointing out that, as of that date, no judgment had been signed from which he
could appeal and warning him that, if he did not take sufficient action to show this Court the appeal
was proceeding properly, it would be subject to dismissal.
Â Â Â Â Â Â Â Â Â Â Â Â As of this date, no judgment has been signed in this case. Appellate timetables are calculated
from the date the judgment is signed. As there is no judgment in existence from which an appeal
may be pursued, we dismiss this appeal, without prejudice to an appeal being taken after a judgment
is signed.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Josh R. Morriss, III
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Date Submitted:Â Â Â Â Â Â Â Â Â Â May 10, 2004
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â May 11, 2004



Locked="false" Priority="65" SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium List 1 Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No. 06-10-00127-CV

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  TIMMIE
PARKS, Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  V.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  UNIVERSITY OF TEXAS MEDICAL BRANCH, Appellee

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Appeal from the 202nd
Judicial District Court

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Bowie County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial Court No. 09C1642A-202

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum Opinion by Justice Carter








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUM OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  Timmie Parks
filed suit against the University of Texas Medical Branch (UTMB)
OctoberÂ 29, 2009.[1]Â  He alleged that, while he was incarcerated in
the Texas Department of Criminal Justice Telford Unit in New Boston, Texas, he
was injured while working on the prison boiler system and the resulting
diagnosis and treatment by the UTMB staff members at the prison was conducted
negligently. 

Â Â Â Â Â Â Â Â Â Â Â  Parks
alleged that he lacked the financial ability to secure his own medical expert
and on November 4, 2009, moved the court to appoint him a medical expert so
that he could comply with the medical expert report requirements of Chapter 74
of the Texas Civil Practice and Remedies Code.Â 
Parks filed a motion for default judgment on December 23, 2009, alleging
that UTMBÂs answer to his petition was untimely filed.Â  Two months later, on February 11, 2010, Parks
filed a motion petitioning the court to order that a physician examine him so
that he could prove the elements of his health care liability claims.Â  

Â Â Â Â Â Â Â Â Â Â Â  On February
12, 2010, UTMB moved to dismiss[2]
ParksÂ lawsuit because he had failed to serve an expert report[3]
within 120 days of filing suit, as required by Section 74.351 of the Civil
Practice and Remedies Code.Â  See Tex.
Civ. Prac. & Rem. Code Ann. Â§ 74.351 (West 2011).Â  After a hearing where both UTMB and Parks[4]
appeared, the trial court granted UTMBÂs motion to dismiss and denied all other
relief not expressly granted in the judgment. 

Â Â Â Â Â Â Â Â Â Â Â  On appeal,
Parks argues that: Â (1) the trial court
erred by not ruling on his three motions prior to dismissing his claims against
UTMB; and (2) this failure deprived him of his right to an interlocutory appeal
of those rulings.[5]Â  We affirm the trial courtÂs judgment.Â Â Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â  The trial
courtÂs order granting UTMBÂs motion to dismiss did not specifically reference
ParksÂ motions, but the order states:Â  Âthe
Court denies all relief not expressly granted in this judgment.ÂÂ  In his first point of error, Parks contends
that the trial court erred by failing to rule on his three motions before
dismissing his claims against UTMB.[6]Â  

Â Â Â Â Â Â Â Â Â Â Â  When a trial
courtÂs express ruling on one motion necessarily implies a contrary ruling on
an opposing motion, the trial court may be deemed to have implicitly ruled on
the opposing motion.Â  See Salinas v. Rafati, 948 S.W.2d 286,
288 (Tex. 1997); see also In re Z.L.T.,
124 S.W.3d 163, 165 (Tex. 2003) (holding trial courtÂs act of proceeding to
trial without issuing requested bench warrant was implicit denial of its request).Â  Dismissing ParksÂ claims against UTMB
necessarily implies that ParksÂ motions were denied.Â  Because the trial courtÂs judgment implicitly
denied ParksÂ motions, we overrule his first point of error.Â  Our ruling on the first point of error makes
the second point a moot issue.Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â  We affirm
the judgment of the trial court. 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Jack
Carter

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Date
Submitted:Â Â Â Â Â Â Â Â Â  June 23, 2011

Date
Decided:Â Â Â Â Â Â Â Â Â Â Â Â  June 24, 2011











[1]Parks
also named the Texas Department of Criminal Justice (TDCJ) as a defendant, and
asserted negligence and premises liability claims against it.Â  

Â 





[2]The
motion also included a motion to sever ParksÂ claims against UTMB from his
claims against TDCJ, which was granted.

Â 





[3]It
is undisputed that Parks failed to serve UTMB with a medical expert report.

Â 





[4]Parks
appeared and participated via closed-circuit television. 

Â 





[5]Parks
does not argue that his motions tolled the running of the 120-day time period.

Â 





[6]Parks
does not argue that the trial court erred by denying his motions.