Affirmed and Majority and Concurring Memorandum Opinions filed June 26,
2008








Affirmed and Majority and
Concurring Memorandum Opinions filed June 26, 2008.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00387-CV

____________

 

IN THE INTEREST OF T.D.N.

 



 

On Appeal from the 313th
District Court

Harris County, Texas

Trial Court Cause No. 06-11781J

 



 

C O N C U R R I N G  M E M O R A N D U M  O P I N I O N

I concur
with majority=s conclusion that Orosco failed to preserve error for appellate review. 
However, I do not lightly join in a disposition upholding the trial court=s order terminating parental rights. 
Accordingly,  I write separately to address implicit denial of Orosco=s access to the court while
incarcerated. 

It is my
considered opinion that our courts should exercise great caution to protect the
rights of the incarcerated when conducting a civil proceeding that involves
termination of parental rights.  Litigants should not be denied access to the
courts simply because they are incarcerated.  In re Z.L.T., 124 S.W.3d
163, 165B166 (Tex. 2003).  However, an inmate
does 

 








not have the absolute
right to appear in person in every court proceeding.  Id.  Trial courts
should consider a number of factors when deciding whether to grant an inmate=s request for a
bench warrant, including: 

(1) the cost and inconvenience of
transporting the prisoner to the courtroom; 

(2) the security risk the prisoner
presents to the court and public; 

(3) whether the prisoner's claims
are substantial; 

(4) whether the matter's resolution
can reasonably be delayed until the prisoner's release; 

(5) whether the prisoner can and
will offer admissible, noncumulative testimony that cannot be effectively
presented by deposition, telephone, or some other means; 

(6) whether the prisoner's presence
is important in judging his demeanor and credibility; 

(7) whether the trial is to the
court or a jury; and 

(8) the prisoner's probability of
success on the merits.  

Id. 
Our
rules place the burden on litigants to identify with sufficient specificity the
grounds for the ruling they seek.  Id.  Since a prisoner has no absolute
right to be present in a civil action, the prisoner requesting a bench warrant
must justify the need for his presence.  Id.  Orosco argues that his
appearance in court Awould neither have hindered nor burdened
the daily operations of the court.@  Orosco fails to
address all of the above factors or point this court to portions of the record
which might support an argument that the trial court violated his fundamental
right to participate in proceedings which could result in termination of
parental rights.  Accordingly, I concur with the majority=s conclusion that
the trial court 

 








did
not abuse its discretion by refusing to grant Orosco=s motion for
continuance.  

 

 

 

/s/        Charles
W. Seymore

Justice

 

Judgment rendered and Majority and Concurring
Memorandum Opinions filed June 26, 2008.

Panel consists of
Justices Fowler, Frost, and Seymore.  (Frost, J., majority).