

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-07-00062-CV

_____

IN THE INTEREST OF R.S. AND S.L.S., CHILDREN

On Appeal from the County Court at Law
Bowie County, Texas
Trial Court No. 05C1682-CCL

Before Morriss, C.J., Moseley and Cornelius,* JJ.
Opinion by Justice Cornelius

_____
*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment

O P I N I O N

Michael Tremel Sanders appeals from the order of the Bowie County Court at Law terminating his parental rights to R.S. and S.L.S., who were seven and five years of age, respectively, when the Texas Department of Family and Protective Services (TDFPS) filed the petition for termination. Several court hearings were held at which Sanders was not present, but at which he was represented by legal counsel. After receiving evidence, the trial court found that Sanders had:

>    1.  Voluntarily left R.S. and S.L.S. alone or in the possession of another without providing adequate support of the children, and remained away for a period of at least six months. *See* TEX. FAM. CODE ANN. § 161.001(1)(C) (Vernon Supp. 2007).

>    2.  Failed to comply with the provisions of a court order that specifically established the actions necessary to obtain the return of the children who had been in the temporary managing conservatorship of the Texas Department of Family and Protective Services. *See* TEX. FAM. CODE ANN. § 161.001(1)(O) (Vernon Supp. 2007).

>    3.  Knowingly engaged in criminal conduct that resulted in his conviction of an offense and confinement or imprisonment and inability to care for the children for not less than two years from the date of the filing of the petition for termination. *See* TEX. FAM. CODE ANN. §161.001(1)(Q) (Vernon Supp. 2007).

Based on the above findings, the trial court ordered that the parental rights of Sanders to R.S. and S.L.S. be terminated.

Sanders raises two issues on appeal: (1) whether the evidence is factually and legally sufficient to support the trial court's judgment terminating Sanders' parental rights; and (2) whether

the trial court erred in denying Sanders' application for a bench warrant to appear at the termination hearings. We overrule both of these issues and affirm the judgment.

In order for a trial court to terminate parental rights, the court must find, on clear and convincing evidence, that the parent has committed one or more of the acts listed in Section 161.001(1) of the Texas Family Code and that termination is in the best interest of the children. *See* TEX. FAM. CODE ANN. § 161.001(1) (Vernon Supp. 2007). Clear and convincing evidence is that degree and quantity of evidence that produces in the mind of the trier of fact a firm belief or conviction of the truth of the allegations to be established. TEX. FAM. CODE ANN. § 101.007 (Vernon 2002); *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002).

In reviewing the evidence for factual sufficiency, we give due consideration to all the evidence that the fact-finder could reasonably find to be clear and convincing. *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). In reviewing the legal sufficiency of the evidence, we look at all the evidence in the light most favorable to the finding, and determine whether a reasonable trier of fact could have formed a firm belief that the finding was true, assuming that the fact-finder resolved disputed facts in favor of the finding if a reasonable fact-finder could do so. *Id.*

Sanders is an inmate of the Texas Department of Corrections. He has acknowledged he is the father of R.S. and S.L.S. Alecia Easter is the children's mother. The court also terminated her parental rights to R.S. and S.L.S., but she has not appealed. Sanders and Easter have never been married. It is unclear whether Sanders ever actually lived in a home with the children. Easter did

3

so only sporadically and inconsistently. Sanders advised TDFPS that he had no resources and could not provide for the children. He asked that they be left in Easter's care. For much of the time, the children stayed with friends, relatives, or foster parents, with Easter providing very little support. Evidence showed that the children went unfed many times, they begged food from neighbors, Easter's house at times had no food or electricity, and the children had almost no parental nurturing. Easter was a regular methamphetamine user, and she and Sanders were cocaine users. Sanders was convicted in 2001 of felony cocaine possession and sentenced to fifteen years' imprisonment. He was placed on community supervision, but his community supervision was revoked in 2002, and he was incarcerated. While incarcerated, Sanders was convicted of three other offenses, each for harassment by a person in a correction/detention facility. His prison terms are to be served consecutively, and he is scheduled to be incarcerated for a total of twenty-two years and to be discharged only in 2022. Sanders has never provided support for R.S. and S.L.S. When he became aware that termination proceedings had been instituted, he requested that home studies be conducted with regard to several family members and acquaintances he thought might be willing to take the children and care for them, but all of them either were unable to do so or refused to do so.

The undisputed evidence shows that Sanders knowingly engaged in criminal conduct that has resulted in his conviction of several offenses, and his imprisonment and inability to care for R.S. and S.L.S. for more than two years from the date of the filing of the petition for termination. That is the conduct specified in Section 161.001(1)(Q) of the Texas Family Code. Only one statutory predicate

finding under Section 161.001 is necessary to support a judgment of termination when there is also a finding that termination is in the best interest of the children. There is such a finding here, and we find both it and the finding relating to imprisonment and inability to support to be supported by clear and convincing evidence. In view of our holding, it is unnecessary for us to discuss whether the trial court's two other predicate findings are supported by legally and factually sufficient evidence.

In his second issue, Sanders contends the trial court erred in denying his application for a bench warrant to attend the termination hearings.

A litigant in a civil proceeding does not have an absolute right to appear personally in a court proceeding. *In re Z.I.T.*, 124 S.W.3d 163 (Tex. 2003). Instead, an inmate's right to personally appear must be weighed against the integrity of our correctional system. *Id.* at 165. Several factors should be considered when deciding whether to grant an inmate's request for a bench warrant: (1) the cost and inconvenience of bringing the inmate to the court proceeding; (2) the security risk to the court and the public; (3) whether the inmate's claims are substantial; (4) whether the court hearing can reasonably be delayed until the inmate's release; (5) whether the inmate can produce admissible, noncumulative testimony that cannot be effectively presented by deposition, telephone, or other means; (6) whether the hearing is before a judge or a jury; and (7) the inmate's probability of success on the merits. *Id.* at 165–66. The inmate has the sole burden to justify the necessity of his presence by producing the information showing the above-listed factors. *Id.* at 166. In this case, Sanders failed to make any showing relating to these factors that would justify the trial

5

court in issuing a bench warrant for him to appear at any of the hearings.  Moreover, Sanders was represented at all hearings by legal counsel, and he made no objection to the trial court's denial of his request for a bench warrant.  The trial court did not abuse its discretion in refusing the request for a bench warrant.

For all the reasons stated, we overrule Sanders' issues and affirm the judgment of the trial court.

William J. Cornelius*
Justice

*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment

Date Submitted:     March 11, 2008
Date Decided:       April 8, 2008