Affirmed and Memorandum Opinion filed January 29, 2009








Affirmed and Memorandum Opinion filed January 29, 2009.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00720-CV

____________

 

IN THE INTEREST OF C.F.H. AND
J.C.H.

 



 

On Appeal from the 12th
District Court

Grimes County, Texas

Trial Court Cause No. 2088

 



 

M E M O R A N D U M   O P I N I O N

This case is an appeal from a trial court=s judgment
terminating a father=s parental rights to two minor children
and granting the children=s stepfather adoption of the children. 
The father claims the evidence is legally and factually insufficient to support
the trial court=s judgment for termination.  Under the
applicable standards of review, we conclude that the evidence is legally and
factually sufficient to support the termination of the father=s parental
rights.  Accordingly, we affirm the trial court=s judgment.








I.  Factual
and Procedural Background

James and Sandy had two children, C.F.H. (hereinafter ACarl@) and J.C.H.
(hereinafter AJohn@),[1]
during their marriage.  In February 2004, Sandy and James divorced.  The trial
court=s divorce decree
appointed Sandy as the minor children=s sole managing
conservator.  The trial court ordered that James would have possession of the
children Aat times and with the terms and conditions mutually
agreed to in advance@ by Sandy.  The trial court, upon a finding
of good cause, did not order child support for the children.

After the divorce, Sandy agreed to the children=s supervised
visitation with James from December 2004 through March 2005.  In February 2006,
James was convicted on a charge for aggravated assault, and he was sentenced to
confinement for a period of  ten years.  He was denied parole in April 2007. 
He has remained incarcerated since February 2006, and will again be eligible
for parole in April 2009.

Sandy later married Christopher, the children=s stepfather.  In
2007, Sandy and Christopher petitioned the trial court to terminate James=s parental rights
to the children and to allow Christopher to adopt the children.  At the time of
the termination proceeding, Carl and John were eight and seven years old,
respectively.  The trial court made the following findings of fact and
conclusions of law:

The Court finds by clear and convincing evidence
that James [] hasB

a.       voluntarily left the children alone or in
the possession of another without providing adequate support of the children
and remained away for a period of at least six months;

b.       engaged in conduct or knowingly placed the
children with persons who engaged in conduct that endangers the physical or
emotional well-being of the children;








c.       failed to support the children in
accordance with his ability during a period of one year ending within six
months of the date of the filing of the petition; and

d.       knowingly engaged in criminal conduct that
resulted in his conviction of an offense and confinement or imprisonment and
inability to care for the children for not less than two years from the date
the petition was filed.

The Court also finds by clear and convincing
evidence that termination of the parent-child relationship between James [] and
the children the subject of this suit is in the best interest of the children.

The
trial court ordered that the parent-child relationship between James and each
of the children be terminated.  The trial court granted Christopher=s request to adopt
the children.  In this appeal, James challenges the legal and factual
sufficiency of the evidence supporting the trial court=s judgment in
terminating his parental rights.

II.  Standards of Review

Because termination of parental rights is a drastic remedy,
due process and the Texas Family Code require the Department of Child
Protective Services to prove the necessary elements by the heightened burden of
proof of Aclear and convincing evidence.@  See Tex. Fam. Code Ann. ' 161.001 (Vernon
2008); In re B.L.D., 113 S.W.3d 340, 353B54 (Tex. 2003). 
In this case, Sandy and Christopher had to prove by clear and convincing
evidence that James engaged one or more of the acts specified in section
161.001(1) as grounds for termination, and that termination of his parental
rights is in the children=s best interest.[2] 
See Tex. Fam. Code Ann. ' 161.001; In re
J.L., 163 S.W.3d 79, 84 (Tex. 2005); In re U.P., 105 S.W.3d 222, 229
(Tex. App.CHouston [14th Dist.] 2003, pet. denied).  A>Clear and
convincing evidence= means the measure or degree of proof that
will produce in the mind of the trier of fact a firm belief or conviction as to
the truth of the allegations sought to be established.@  Id. ' 101.007 (Vernon 2002).








In
reviewing legal-sufficiency challenges to termination findings, this court must
look at all the evidence in the light most favorable to the termination
findings to determine whether a reasonable factfinder could have formed a firm
belief or conviction that these findings are true.  In re J.L., 163
S.W.3d 79, 85 (Tex. 2005).  Looking at the evidence in the light most favorable
to the judgment means that a reviewing court must presume that the factfinder
resolved disputed facts in favor of its findings if a reasonable factfinder
could do so.  Id.  The reviewing court disregards any evidence that a
reasonable factfinder could have disbelieved but does not disregard undisputed
facts.  Id.  

In
reviewing the factual-sufficiency challenges to termination findings, we must
give due consideration to evidence that the factfinder reasonably could have
found to be clear and convincing.  In re J.F.C., 96 S.W.3d 256, 266
(Tex. 2002).  The factual-sufficiency inquiry is whether the evidence is such
that the factfinder reasonably could form a firm belief or conviction about the
truth of the petitioners= allegations.  Id.  This court should consider whether
the disputed evidence is such that a reasonable factfinder could not have resolved
that disputed evidence in favor of its finding.  Id.  If, in light of
the entire record, the disputed evidence that a reasonable factfinder could not
have credited in favor of the finding is so significant that a factfinder could
not reasonably have formed a firm belief or conviction about the truth of the
petitioners= allegations, then the evidence is factually insufficient.  Id. 
We must give due deference to fact findings, and we should not supplant the
factfinder=s judgment with our own.  In re H.R.M., 209 S.W.3d 105, 108 (Tex.
2006). 

III.  Analysis

In their petition for termination, Sandy and Christopher
alleged the grounds in subsections (C), (E), (F), and (Q) of section 161.001(1),
and alleged that termination was in the children=s best interest. 
In its decree for termination, the trial court relied upon all four of the
subsections cited by Sandy and Christopher and found that termination of James=s parental rights
was in the best interest of each of the children.








The acts specified in subsections (C), (E), (F), and (Q) of
section 161.001(1) are that a parent has:

(C)     voluntarily left the child alone or in
possession of another without providing adequate support of the child and
remained away for a period of at least six months;

. . .

(E)     engaged in conduct or knowingly placed the
child with persons who engaged in conduct which endangers the physical or
emotional well-being of the child;

(F)     failed to support the child in accordance
with the parent=s ability during a period of one
year ending within six months of the date of the filing of the petition;

. . .

(Q)     knowingly engaged in criminal conduct that
has resulted in the parent=s:

(i)      conviction of an offense; and

(ii)      confinement or imprisonment and inability
to care for the child for not less than two years from the date of filing the
petition;

Tex. Fam. Code Ann. '' 161.001(1)(C),
(E), (F), (Q). 

In order to satisfy the first prong of section 161.001,
Sandy and Christopher were required to prove only one of these grounds.  See
In re C.M.C., __ S.W.3d __, __, No. 14-07-00881-CV, 2008 WL 5244929, at *8
(Tex. App.CHouston [14th Dist.] 2008, no pet.).

A.      Texas
Family Code Section 161.001(1)(Q)








Subsection (Q) warrants termination of parental rights when
a parent knowingly engaged in criminal conduct, resulting in the parent=s conviction of an
offense, and the parent is both incarcerated and unable to care for the child
for at least two years from the date the termination petition was filed.  Tex. Fam. Code Ann. ' 161.001(1)(Q); In
re A.V., 113 S.W.3d 355, 360 (Tex. 2003) (construing phrase Atwo years from the
date of filing the petition@ to apply prospectively from the date of
filing a petition).  Incarceration and a parent=s inability to
care are separate requirements for termination of parental rights under section
161.001(1)(Q)(ii).  See In re E.S.S., 131 S.W.3d 632, 639 (Tex. App.CFort Worth 2004,
no pet.); In re B.M.R., 84 S.W.3d 814, 818 (Tex. App.CHouston [1st
Dist.] 2002, no pet.).

1.       Evidence
of Incarceration

To support termination under subsection (Q), Sandy and
Christopher must prove that James=s criminal
conviction would result in confinement for at least two years from the date the
petition was filed.  See In re D.R.L.M., 84 S.W.3d 281, 295 (Tex. App.CFort Worth 2002,
pet. denied).  Sandy and Christopher filed their original termination petition
on April 25, 2007, and amended the petition on June 18, 2007.  Under subsection
(Q), Atwo years from the
date of filing the petition@ would be April 25, 2009.  See In re
A.V., 113 S.W.3d at 359B60. 








In this case, James testified that he was convicted of
aggravated assault.  He is currently incarcerated, serving a ten-year sentence
on that conviction.  He began his sentence in February 2006, and he has a
projected release date in December 2015.  In some cases, neither the length of
the sentence nor the anticipated release date determines when an incarcerated
parent will be released from prison.  See In re H.R.M., 209 S.W.3d 105,
108 (Tex. 2006).  An incarcerated parent who is sentenced to more than
two years= confinement may be paroled in less than two years.  Id.
at 109.  Therefore, evidence of eligibility for parole is relevant
to determine whether the parent will be released within two years.  Id.            James
conceded he was denied parole in April 2007.  However, James anticipated being
eligible for parole again in April 2009, as long as he can Astay out of
trouble.@  However, merely
introducing parole-related evidence does not prevent a factfinder from forming
a firm conviction or belief that the parent will remain incarcerated for at
least two years, because parole decisions are Ainherently
speculative.@  Id.  (A[W]hile all
inmates doubtless hope for early release and can take positive steps to improve
their odds, the decision rests entirely within the parole board=s discretion.@).  James
acknowledged the possibility that he may not be granted parole in April 2009. 
Sandy and Christopher produced evidence at trial that James had received eight
reports for misconduct and discipline problems since his sentence began in
February 2006.  The mere presentment of parole-related evidence does not
prevent a factfinder from forming the firm conviction or belief that the parent
will remain incarcerated for at least two years.  Id. (acknowledging
that parole decisions rest within a parole board=s decision). 
Under the applicable standards of review, the record evidence is legally and
factually sufficient for a factfinder reasonably to have formed a firm belief
that James would remain imprisoned or confined on April 25, 2009, two years
from the date the termination petition was filed.  See In re R.S., 252
S.W.3d 550, 552B53 (Tex. App.CTexarkana 2008, no
pet.) (reviewing factual and legal sufficiency); In re H.R.M., No.
14-05-00281-CV, 2007 WL 707553, at *2 (Tex. App.CHouston [14th
Dist.] Mar. 14, 2007, no pet.) (mem. op.) (concluding evidence was factually
sufficient).  

2.       Evidence of the
Incarcerated Father=s Inability to Care for the Children








Termination under subsection (Q) also requires that an
incarcerated parent will be unable to care for the child for two years from the
date when the termination petition is filed.  See In re H.R.M., 209
S.W.3d at 110.  A reviewing court may consider the availability of financial
and emotional support from the incarcerated parent in deciding an incarcerated
parent=s ability to care
for his child.  See Brazoria Co. Children=s Prot. Servs. v.
Frederick, 176 S.W.3d 277, 279 (Tex. App.CHouston [1st
Dist.] 2004, no pet.).  Once evidence has established that a parent=s knowing criminal
conduct resulted in incarceration for more than two years, the incarcerated
parent must produce some evidence showing how he would provide or arrange to
provide care for the child during that period.  In re Caballero, 53
S.W.3d 391, 396 (Tex. App.CAmarillo 2001, pet. denied).  If the
incarcerated parent meets that burden, then the petitioner holds the burden of
proving the arrangement would not satisfy the parent=s duties to the
child.  See id. 

James acknowledged he is serving a sentence for his
aggravated-assault conviction.  He acknowledged difficulty in being able to
discipline the children, provide for their financial and emotional needs, read
to them at bedtime, or be involved with their sports teams if he is
incarcerated.  However, James did not indicate, and no other evidence suggests,
that anyone else was willing to care for the children on James=s behalf during
his incarceration.  See In re H.R.M., 2007 WL 707553, at *3.

Reviewing all the evidence in the light most favorable to
the finding, we conclude that a reasonable trier of fact could have formed a
firm belief or conviction that James, as a result of his incarceration, would
be unable to care for the children for two years from the date when the
termination petition is filed.  In viewing the evidence in the light most favorable to the judgment,
a reasonable factfinder could
have formed a firm belief or conviction that the trial court=s findings under section
161.001(1)(Q) are true.  See In re R.S., 252 S.W.3d 550,
552B53 (Tex. App.CTexarkana 2008, no
pet.).  Therefore, the evidence is legally sufficient to support the trial
court=s finding under
section 161.001(1)(Q).  See In re Caballero, 53 S.W.3d at 396.  In light
of the entire record, we conclude the evidence is factually sufficient to
support the trial court=s finding under section 161.001(1)(Q),
because a reasonable factfinder could have formed a firm belief or conviction
that James is both incarcerated and unable to care for the children for at
least two years from the date the termination petition was filed.  See id.;
In re H.R.M., 2007 WL 707553, at *3.

B.      Best
Interests of the Children








A statutory act or omission under section 161.001(1) also
must be coupled with a finding that termination of the parent-child
relationship is in the best interest of the child.  See Tex. Fam. Code Ann. ' 161.001; Yonko
v. Dep=t of Family and Prot. Servs., 196 S.W.3d 236,
242 (Tex. App.CHouston [1st Dist.] 2006, no pet.).  In reviewing the
sufficiency of the evidence to support the second prong, a reviewing court
examines a number of factors, including (1) the desires of the child; (2) the
present and future physical and emotional needs of the child; (3) the present
and future emotional and physical danger to the child; (4) the parental
abilities of the persons seeking custody in promoting the best interest of the
child; (5) the programs available to assist these individuals to promote the
best interest of the child; (6) the plans for the child by the individuals or
agency seeking custody; (7) the stability of the home or proposed placement;
(8) acts or omissions of the parent which may indicate the existing
parent-child relationship is not appropriate; and (9) any excuse for the parent=s act or
omissions.  See Holley v. Adams, 544 S.W.2d 367, 371B72 (Tex. 1976).  A
finding in support of Abest interest@ does not require
proof of any unique set of factors, nor does it limit proof to any specific
factors.  Id. 

The children=s attorney ad
litem indicated that the children expressed a preference to terminate James=s parental rights
and allow Christopher to adopt them.  Both Sandy and Christopher testified
about the children=s physical and emotional well-being and
financial security in their household, in which the children related well with
other children in the household.  Christopher=s parents have
accepted the children as their own grandchildren and treated them as such. 
Sandy and Christopher, upon the advice of John=s pediatrician,
sought psychiatric therapy for John=s emotional issues
in school.  John has continued this therapy and takes medication to counteract
behavioral problems.  James has expressed his belief to Sandy that John does
not need medication.  John has been enrolled in a counseling program through
his school, and his counselor noted his improvement and progress.  The
counselor, who met with Sandy, Christopher, and John, indicated that they
represented a strong family unit.  A pre-adoption social study indicated that
Sandy and Christopher have made plans for the children=s future. 








James complains that there is no evidence of how his
imprisonment affects the children=s day-to-day
lives; however, James acknowledged his inability to provide for the children=s financial and
emotional needs while incarcerated.  Furthermore, James admits to having
engaged in criminal conduct since he was seventeen years old.  He has been
incarcerated on multiple occasions.  James concedes that, when he is again
eligible for parole in 2009, he will have been imprisoned for half of the
children=s lives.  James
accepted responsibility for his choices and indicated he could have made better
choices in his past.  Conduct that routinely subjects a child to the likelihood
that the child will be left alone because a parent is jailed endangers the
child=s emotional and
physical well-being.  See Smith v. Texas Dep=t of Prot. &
Reg. Servs., 160 S.W.3d 673, 682 (Tex. App.CAustin 2005, no
pet.).  A parent=s criminal actions are a factor in
determining the children=s best interest, providing that
termination of parental rights is not an additional punishment for a parent=s crime.  See
In re C.T.E., 95 S.W.3d 462, 466 (Tex. App.CHouston [1st Dist.]
2002, pet. denied).  








Reviewing all the evidence in the light most favorable to
the termination findings, we conclude that a reasonable factfinder could have
formed a firm belief or conviction as to the truth of the trial court=s findings that
termination of James=s parental rights is in the best interests
of the children.  See Smith, 160 S.W.3d at 680B83 (concluding
evidence is legally sufficient to support best-interest finding).  In light of
the entire record, the disputed evidence that a reasonable factfinder could not
have credited in favor of the trial court=s best-interest
findings is not so significant that a reasonable factfinder could not
reasonably have formed a firm belief or conviction as to the truth of these
findings.  See In re J.F.C., 96 S.W.3d at 266.  Giving due consideration
to the evidence, the trial court reasonably could have formed a firm belief or
conviction about the truth of its findings that termination of James=s parental rights
is in the best interests of the children.  See Smith, 160 S.W.3d at 680B83 (concluding
evidence is factually sufficient to support best-interest finding); In re
J.F.C., 96 S.W.3d at 266.

IV.  Conclusion

Under the applicable standards, set forth
above, the evidence is both legally and factually sufficient to support the
trial court=s finding that James=s parental rights
should be terminated.  Therefore, we overrule James=s sole issue on
appeal and affirm the trial court=s judgment.

 

 

 

/s/      Kem Thompson
Frost

Justice

 

Panel consists of
Justices Frost, Seymore, and Guzman.









[1]  To protect the privacy of the parties in this case,
we identify the children by fictitious names and the parents by their first
names only.  See Tex. Fam. Code
Ann. ' 109.002(d) (Vernon 2008).





[2]  Unless otherwise specified, all statutory citations
in this opinion are to the Texas Family Code.