Opinion filed May 3, 2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00345-CV 

                                                    __________

 

                         IN
THE INTEREST OF A.Z.K.B., A CHILD



 

                                   On
Appeal from the 29th District Court

                                                         Palo
Pinto County, Texas

                                                    Trial
Court Cause No. C43957

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            The
trial court entered an order terminating the parental rights of A.Z.K.B.’s
mother and father.  The mother (appellant) has filed a notice of appeal from
the termination order.  A.Z.K.B.’s father, who voluntarily relinquished his
rights, has not filed an appeal.  We affirm.  

            Appellant
presents a single issue for review.  In that issue, she asserts that the trial
court erred and abused its discretion when it denied appellant access to the
final trial, thereby violating her right to due process.  

            The
record shows that the final trial was held on November 15, 2011, and that
appellant’s counsel was present at that proceeding.  Appellant, however, was
not present; she was incarcerated in Tarrant County on a theft charge.  At the
outset of the trial, the trial court announced in open court that it had issued
a bench warrant to obtain appellant’s presence for trial but that Tarrant
County had refused to release appellant.  Appellant apparently had a
conflicting court date in another jurisdiction.  Appellant’s attorney voiced no
objection to proceeding in appellant’s absence and did not request that
appellant be allowed to participate by some alternate means.  The case
proceeded to trial—at which appellant was represented by counsel.  

            Litigants
cannot be denied access to the courts merely because they are inmates.  In re
Z.L.T., 124 S.W.3d 163, 165 (Tex. 2003).  “However, an inmate does not have
an absolute right to appear in person in every court proceeding.”  Id.  A
trial court’s decision on an inmate’s request for a bench warrant is reviewed
on appeal for an abuse of discretion.  Z.L.T., 124 S.W.3d at 165.  Trial
courts may consider a variety of factors when deciding whether to grant an
inmate’s request for a bench warrant.  These factors include the cost and
inconvenience of transporting the inmate to the courtroom; the security risk
the inmate presents to the court and public; whether the inmate’s claims are
substantial; whether the matter’s resolution can reasonably be delayed until
the inmate’s release; whether the inmate can and will offer admissible,
noncumulative testimony that cannot be effectively presented by deposition,
telephone, or some other means; whether the inmate’s presence is important in
judging her demeanor and credibility; whether the trial is to the court or a
jury; and the inmate’s probability of success on the merits.  Id. at 165–66. 
The inmate bears the burden to identify with sufficient specificity the grounds
for the ruling she seeks and to provide factual information so that the trial
court can assess the necessity of the inmate’s appearance.  Id. at 166. 


            First,
the record does not show that appellant’s issue was preserved for review.  See
Tex. R. App. P. 33.1; In
re C.P.V.Y., 315 S.W.3d 260, 269 (Tex. App.—Beaumont 2010, no pet.).  
Second, appellant failed to meet her burden under Z.L.T.  She did not
specify any grounds for a ruling or provide any factual information regarding
the necessity of her appearance for trial.  Under these circumstances, we
cannot hold that the trial court abused its discretion.  See In re R.S.,
252 S.W.3d 550 (Tex. App.—Texarkana 2008, no pet.).  Accordingly, we overrule
appellant’s sole issue on appeal.  

            The trial
court’s order terminating the parental rights of A.Z.K.B.’s mother is affirmed.


 

 

                                                                                                JIM
R. WRIGHT

May 3, 2012                                                                            CHIEF
JUSTICE

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.