**Opinion filed May 3, 2012**



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00345-CV

_____

## IN THE INTEREST OF A.Z.K.B., A CHILD

### On Appeal from the 29th District Court
### Palo Pinto County, Texas
### Trial Court Cause No. C43957

## M E M O R A N D U M   O P I N I O N

The trial court entered an order terminating the parental rights of A.Z.K.B.'s mother and father. The mother (appellant) has filed a notice of appeal from the termination order. A.Z.K.B.'s father, who voluntarily relinquished his rights, has not filed an appeal. We affirm.

Appellant presents a single issue for review. In that issue, she asserts that the trial court erred and abused its discretion when it denied appellant access to the final trial, thereby violating her right to due process.

The record shows that the final trial was held on November 15, 2011, and that appellant's counsel was present at that proceeding. Appellant, however, was not present; she was incarcerated in Tarrant County on a theft charge. At the outset of the trial, the trial court announced in open court that it had issued a bench warrant to obtain appellant's presence for trial but that Tarrant County had refused to release appellant. Appellant apparently had a conflicting court date in another jurisdiction. Appellant's attorney voiced no objection to proceeding in

appellant's absence and did not request that appellant be allowed to participate by some alternate means. The case proceeded to trial—at which appellant was represented by counsel.

Litigants cannot be denied access to the courts merely because they are inmates. *In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003). "However, an inmate does not have an absolute right to appear in person in every court proceeding." *Id.* A trial court's decision on an inmate's request for a bench warrant is reviewed on appeal for an abuse of discretion. *Z.L.T.*, 124 S.W.3d at 165. Trial courts may consider a variety of factors when deciding whether to grant an inmate's request for a bench warrant. These factors include the cost and inconvenience of transporting the inmate to the courtroom; the security risk the inmate presents to the court and public; whether the inmate's claims are substantial; whether the matter's resolution can reasonably be delayed until the inmate's release; whether the inmate can and will offer admissible, noncumulative testimony that cannot be effectively presented by deposition, telephone, or some other means; whether the inmate's presence is important in judging her demeanor and credibility; whether the trial is to the court or a jury; and the inmate's probability of success on the merits. *Id.* at 165–66. The inmate bears the burden to identify with sufficient specificity the grounds for the ruling she seeks and to provide factual information so that the trial court can assess the necessity of the inmate's appearance. *Id.* at 166.

First, the record does not show that appellant's issue was preserved for review. *See* TEX. R. APP. P. 33.1; *In re C.P.V.Y.*, 315 S.W.3d 260, 269 (Tex. App.—Beaumont 2010, no pet.). Second, appellant failed to meet her burden under *Z.L.T.* She did not specify any grounds for a ruling or provide any factual information regarding the necessity of her appearance for trial. Under these circumstances, we cannot hold that the trial court abused its discretion. *See In re R.S.*, 252 S.W.3d 550 (Tex. App.—Texarkana 2008, no pet.). Accordingly, we overrule appellant's sole issue on appeal.

The trial court's order terminating the parental rights of A.Z.K.B.'s mother is affirmed.


                                                            JIM R. WRIGHT

May 3, 2012                                                 CHIEF JUSTICE

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.


2