**Opinion filed June 30, 2011**



## In The

# Eleventh Court of Appeals

_____

## No. 11-10-00333-CV

_____

## IN THE INTEREST OF J.A.M., A CHILD

**On Appeal from the 266th District Court**

**Erath County, Texas**

**Trial Court Cause No. CV30303**

## M E M O R A N D U M   O P I N I O N

The trial court terminated appellant's parental rights to her son, J.A.M. J.A.M.'s father voluntarily relinquished his rights and is not a party to this appeal. We affirm.[1]

On November 25, 2009, less than four months after J.A.M. was born, the Texas Department of Family and Protective Services filed an "Original Petition for Protection of a Child, for Conservatorship, and for Termination in Suit Affecting the Parent-Child Relationship." The trial court also signed an emergency protection order on that day. The emergency removal was connected with drug usage by appellant and others who were around the child.

---

[1]The attorney/guardian ad litem for J.A.M. has filed a brief in which he adopts the Department's brief in its entirety and asks this court to affirm the judgment of the trial court.

Pursuant to Tex. Fam. Code Ann. § 263.401(a) (Vernon 2008), the trial court established a dismissal date of November 29, 2010, and set a trial date of October 13, 2010.

Appellant was incarcerated when the trial court conducted a bench trial in this case on October 13, 2010. Sometime prior to the hearing, appellant filed a "Motion for Extension" in which she asked the trial court to extend the dismissal date for a period of 180 days as provided for in Section 263.401(a). She alleged that she anticipated that she would be completing her incarceration by then, that she could appear and testify at the final hearing about positive changes she had undergone, and that the extension would also give her time to better comply with the service plan provided by the Department. There were no affidavits attached to the motion, and no evidence was ever offered in support of the motion, other than statements made by appellant's attorney.

Appellant has brought two issues on appeal. When we read the argument portion of appellant's brief, we take it that in both issues she complains that she was deprived of due process. First, she claims that she was deprived of due process when the trial court not only denied her the right to a bench warrant but also denied her motion for extension. Appellant also makes the claim that she was deprived of her constitutional right to confront witnesses. Next, she argues, among other things, that she was denied her due process rights when the trial court denied her motion for extension, thus preventing her from appearing in person and showing the positive changes that she had made.

At the outset, we note that this is a civil proceeding and that the constitutional right of confrontation is applicable to criminal proceedings. *See* U.S. Const. amend. VI. Furthermore, appellant has waived this portion of her complaint for failure to brief the issue as required by Tex. R. App. P. 38.1(i).

Appellant makes the argument that the trial court erred when it did not issue a bench warrant. While the trial court said that it thought the matter of a bench warrant had been brought up previously but that it was not going to issue one, the record does not show that appellant asked the trial court to issue one. Nevertheless, even if she had asked the trial court to issue a bench warrant, the issue is not briefed as required by Rule 38.1(i) and is waived.

But, even if the point is not waived, while litigants cannot be denied access to the courts simply because they are inmates, an inmate does not have an absolute right to appear in person in every court proceeding. *See Hudson v. Palmer*, 468 U.S. 517, 523 (1984); s*ee also Zuniga v.*

2

*Zuniga*, 13 S.W.3d 798, 801 (Tex. App.—San Antonio 1999, no pet.). In a termination suit, an incarcerated defendant has no absolute right to appear in person at the proceedings. *In re Z.L.T.*, 124 S.W.3d 163, 165-66 (Tex. 2003).

When deciding cases involving requests for the issuance of bench warrants, Texas courts of appeal follow the Seventh Circuit's decision in *Stone v. Morris*, 546 F.2d 730, 735-36 (7th Cir. 1976). There are various factors that trial courts should consider when deciding whether to grant an inmate's request for a bench warrant. These factors include the cost and inconvenience of transporting the prisoner to the courtroom; the security risk the prisoner presents to the court and public; whether the prisoner's claims are substantial; whether the matter's resolution can reasonably be delayed until the prisoner's release; whether the prisoner can and will offer admissible, noncumulative testimony that cannot be effectively presented by deposition, telephone, or some other means; whether the prisoner's presence is important in judging his demeanor and credibility; whether the trial is to the court or a jury; and the prisoner's probability of success on the merits. *In re Z.L.T.*, 124 S.W.3d at 165-66.

If appellant wanted the trial court to issue a bench warrant, then the burden was upon her to bring forth factual information regarding those factors. *In re Z.L.T.*, 124 S.W.3d at 166. Appellant's presentation showed that the state jail in which she resided was less than 100 miles from the place of trial; that she was a female, non-violent drug offender; and that her claims were substantial. But, as the trial court stated, based upon statements from appellant's counsel, appellant could not be released from her incarceration until March 18, 2011, at the earliest, and, perhaps, as late as April 18, 2011. Any extension that the trial court might grant could not be later than May 29, 2011. The trial court reasoned that such a schedule would not allow "her time to do anything anyway."

As far as whether her testimony was such that it could not be presented by some other means, it is apparent from the record that appellant had what amounted to carte blanche permission to offer anything she wanted to the trial court and that the trial court would consider it. When it denied the motion for extension, the trial court announced that it would allow affidavits and that any position appellant might have would be admitted and considered. The trial court also said that it would let appellant "put in anything, and . . . you could get whatever you wanted to from her and I would allow it to be offered into this case and I will consider it."

The trial court also noted that it had been in this case since November 25, 2010, when it signed the emergency protective orders, that appellant had failed to do anything that was required of her even before she was incarcerated, and that she had not shown in any way that she would provide a safe place for J.A.M. "[S]he didn't fail to obey the law, she failed to do anything that was required" of her. The trial court had heard testimony that, with the exception of visitation with J.A.M. and attending substance abuse classes, as required not only by the Department but also by the terms of her probation in connection with a drug-related case, appellant had failed totally to do anything required of her in the service plan devised by the Department. The evidence also shows that she tested positive for drugs during this time. There has been no challenge to the sufficiency of the evidence. Based upon the record before it, if the trial court impliedly refused to issue a bench warrant for appellant, it did not err when it did.

We also find no due process error as complained of in appellant's two issues on appeal. When a party brings proceedings to terminate parental rights, those proceedings must comport with procedural due process. *In re B.L.D.*, 113 S.W.3d 340, 351-52 (Tex. 2003). Procedural due process requires, at a minimum, the right to notice and to be heard at a meaningful time and in a meaningful manner. *Tex. Workers' Comp. Comm'n v. Patient Advocates of Tex.*, 136 S.W.3d 643, 658 (Tex. 2004). Proceedings to terminate parental rights must comply with the requirements of procedural due process. *In re B.L.D.*, 113 S.W.3d at 351-52. The phrase "due process" expresses the requirement of fundamental fairness. *Id.* There are three factors to consider when we determine what due process is in a particular proceeding: (1) the private interest affected by the proceeding or official action; (2) the countervailing governmental interest supporting use of the challenged proceeding; and (3) the risk of an erroneous deprivation of that interest due to the procedures used. *Id.*

The private interest affected by a termination case is a parent's fundamental liberty interest in the care, custody, and control of his or her children. *Id.* The countervailing governmental interest in this proceeding is to bring these cases to an end so that a child is not left in limbo. *Id.* Here, although appellant was not able to be present personally, the trial court in this case was quite generous in providing a meaningful method whereby appellant could make her position known to the trial court. We have detailed that method above.

Basically, the trial court told appellant's attorney to bring whatever he wanted and the trial court would consider it as a part of the evidence. In response, trial counsel said that he

recently visited with appellant. Appellant felt contrite. She was on the waiting list for parenting classes in the state jail facility where she was incarcerated, was taking G.E.D. classes, was attending church in the state jail facility, was attending Narcotics Anonymous and Alcoholics Anonymous twice each week, and "expressed a lot of interest in [J.A.M.] and asked a lot of questions about [J.A.M.'s] well-being." Appellant's attorney presented no other evidence and made no objections to the procedure outlined by the trial court, and no other requests were made for an alternate way of proceeding. After it heard this presentation and the evidence offered by the Department, the trial court terminated appellant's parental rights.

We hold that, under these circumstances, the trial court offered appellant an opportunity to be heard at a meaningful time and in a meaningful manner. *Id.* Therefore, appellant was not deprived of her right to due process. Appellant's first and second issues on appeal, as far as they relate to a deprivation of due process, are overruled.

In appellant's second issue on appeal, in addition to her due process argument, she maintains that the trial court erred when it denied her motion for extension under TEX. FAM. CODE ANN. § 263.401 (Vernon 2008). She thought that her incarceration would be over within that time. She maintains that the trial court's ruling deprived her of the opportunity to attend the final hearing and to show the trial court positive improvements in her abilities to parent and to attempt again to comply with the family service plan.

We have already discussed and overruled the due process aspect of the argument that appellant presents in her second issue. Now we will discuss whether the trial court's failure to grant the motion for extension was an abuse of discretion. We review a trial court's decision to grant or deny a motion for extension under Section 263.401(b) for an abuse of discretion. *In re D.M.*, 244 S.W.3d 397, 416 (Tex. App.—Waco 2007, no pet.). A trial court abuses its discretion when it acts arbitrarily and unreasonably without reference to any guiding rules or principles. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007).

Section 263.401 provides in relevant part:

(a) Unless the court has commenced the trial on the merits or granted an extension under Subsection (b), on the first Monday after the first anniversary of the date the court rendered a temporary order appointing the department as temporary managing conservator, the court shall dismiss the suit affecting the parent-child relationship filed by the department that requests termination of the parent-child relationship or requests that the department be named conservator of the child.

5

(b) Unless the court has commenced the trial on the merits, the court may not retain the suit on the court's docket after the time described by Subsection (a) unless the court finds that extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department and that continuing the appointment of the department as temporary managing conservator is in the best interest of the child. If the court makes those findings, the court may retain the suit on the court's docket for a period not to exceed 180 days after the time described by Subsection (a).

If the Department seeks an extension under the statute, then it must prove: (1) that extraordinary circumstances exist that would make it necessary for the child to remain in the temporary managing conservatorship of the Department and (2) that it would be in the child's best interest to remain under the temporary managing conservatorship of the Department. We find it somewhat curious that, by that same token, if a parent asks for an extension under the statute, she must also prove (1) that extraordinary circumstances exist that would make it necessary for the child to remain in the temporary managing conservatorship of the Department and (2) that it would be in the child's best interest to remain under the temporary managing conservatorship of the Department. The statute provides for no other manner in which to obtain an extension under it. While the question might be an interesting one, we need not decide the effect of a parent proving, at the hearing on the motion for extension, that the Department is, at least at the time of the hearing, the proper temporary managing conservator. Here, that issue is not before us. The trial court did not make those findings. Unless the trial court does make those findings, it cannot grant an extension under the terms of the statute. And, even if the movant makes the appropriate proof, and if the trial court does make those findings, the statute contains permissive language. The statute provides: "If the court makes those findings, the court *may* retain the suit on the court's docket for a period not to exceed 180 days after the time described by Subsection (a)" (emphasis added). We note that, when the term "may" is used in a statute, it indicates a discretionary, not mandatory duty. TEX. GOV'T CODE ANN. § 311.016 (Vernon 2005); *Hardy v. Marsh*, 170 S.W.3d 865, 870-71 (Tex. App.—Texarkana 2005, no pet.). Given the trial court's apparent awareness of appellant's prior history and prior failed experiences with the Department, appellant's probable release date from state jail, and the trial court's agreement to allow appellant's attorney to present whatever appellant wanted to present, in whatever form, to the trial court, we cannot say that appellant has shown that the trial court

abused its discretion when it denied the motion for extension.  We overrule Issues One and Two in their entirety.

We affirm the judgment of the trial court.

JIM R. WRIGHT

CHIEF JUSTICE

June 30, 2011

Panel[2] consists of:  Wright, C.J.,
McCall, J., and Hill, J.[3]

[2]Rick Strange, Justice, resigned effective April 17, 2011.  The justice position is vacant pending appointment of a successor by the governor.

[3]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.