**In the Interest Of Z.L.T., J.K.H.T., and Z.N.T., Minor Children.**

No. 02–0474.

Supreme Court of Texas.

Nov. 21, 2003.

John Cornyn, Atty. General's Office, Howard G. Baldwin, First Asst. Atty. Gen., Amy Warr, Office of Atty. Gen., Cynthia Bryant, Deputy Atty. Gen. for Child Support, Julie Caruthers Parsley, Office of Solicitor Gen., John B. Worley, Office of Atty. Gen., Austin, for Other.

Roschelle Henry, San Antonio, Greg Abbott, Atty. Gen., Michelle Young Leding, Atty. Gen.-Child Support Div., San Antonio, Philip A. Lionberger, Office of Atty. Gen., Barry Ross McBee, Office of Atty. Gen., Austin, for Petitioner.

Zeb Lee Thompson, San Antonio, for Respondent.

Justice O'NEILL delivered the opinion of the Court.

In this case, we decide whether the trial court abused its discretion by implicitly denying a pro se inmate's request for a bench warrant. We hold that it did not. Accordingly, we reverse the court of appeals' judgment.

## I

The Attorney General filed suit to establish the parent-child relationship between Thompson and three minor children. Thompson, who was incarcerated and proceeding pro se, filed an application for writ of *habeas corpus ad testificandum*, also known as a bench warrant, requesting permission to appear personally at pre-trial and trial hearings. The record does not reflect an explicit ruling on Thompson's request, but the trial court proceeded to trial without issuing the bench warrant. Paternity test results presented at trial identified Thompson as the children's father. Thompson could rebut the statutory presumption only by producing other genetic testing that excluded him as the genetic father or identified another man as the possible father. TEX. FAM. CODE § 160.505(b). Thompson presented no such evidence.[1] The trial court entered an order establishing the parent-child relationship, requiring Thompson to pay child support, and setting visitation.

On appeal, Thompson contended, among other things, that the trial court erred by failing to consider and rule on his bench warrant request. A divided court of ap-

---

1. Section 160.505(a) the Texas Family Code provides that a man is rebuttably identified as a child's father if genetic testing shows at least a 99% probability of paternity and a combined paternity index of at least 100 to 1.

Genetic testing showed that Thompson's probability of paternity was 99.98% for one child and 99.99% for the other two. The combined paternity indexes were 32,254 to 1; 36,879 to 1; and 4,190 to 1.

peals, sitting en banc, reversed. 82 S.W.3d 100, 103. Following previous decisions by the Court of Appeals for the Fourth Court of Appeals District, the court concluded that the trial court abused its discretion by failing to expressly rule on Thompson's request to be present at all hearings. *Id.* at 102. The court rejected the Attorney General's argument that the trial court had no independent duty to identify and balance the factors courts must weigh to determine whether a bench warrant should issue in a civil proceeding. *Id.* The court's decision is in conflict with the decisions of several other courts of appeals. *See Pedraza v. Crossroads Sec. Sys.*, 960 S.W.2d 339 (Tex.App.-Corpus Christi 1997, no pet.); *Armstrong v. Randle*, 881 S.W.2d 53 (Tex.App.-Texarkana 1994, writ denied); *Brewer v. Taylor*, 737 S.W.2d 421 (Tex.App.-Dallas 1987, no writ). We grant review to resolve the conflict.

## II

■ Under Rule 33.1(a)(2) of the Rules of Appellate Procedure, in order to present a complaint for appellate review, the record must reflect that the trial court "(A) ruled on the request, objection, or motion, either expressly or implicitly; or (B) refused to rule ... and the complaining party objected to the refusal." In this case, the trial court proceeded to trial without ruling expressly on Thompson's request for a bench warrant. Consistent with Rule 33.1(a)(2)'s language, we have previously recognized that an implicit ruling may be sufficient to present an issue for appellate review. *See Lenz v. Lenz*, 79 S.W.3d 10, 13 (Tex.2002); *see also Salinas v. Rafati*, 948 S.W.2d 286, 288 (Tex.1997); *Acord v. Gen. Motors Corp.*, 669 S.W.2d 111, 114 (Tex.1984). By proceeding to trial without issuing the bench warrant, it is clear that the trial court implicitly denied Thomp-

son's request. Therefore, we review the ruling for abuse of discretion.

■ It is well-established that litigants cannot be denied access to the courts simply because they are inmates. *See Hudson v. Palmer*, 468 U.S. 517, 523, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). However, an inmate does not have an absolute right to appear in person in every court proceeding. *See Zuniga v. Zuniga*, 13 S.W.3d 798, 801 (Tex.App.-San Antonio 1999, no writ); *Pruske v. Dempsey*, 821 S.W.2d 687, 689 (Tex.App.-San Antonio 1991, no writ); *Brewer*, 737 S.W.2d at 423. Instead, the inmate's right of access to the courts must be weighed against the protection of our correctional system's integrity. *See Jones v. Jones*, 64 S.W.3d 206, 210 (Tex.App.-El Paso 2001, no pet.); *Taylor v. Taylor*, 63 S.W.3d 93, 97 (Tex.App.-Waco 2001, no pet.); *Dodd v. Dodd*, 17 S.W.3d 714, 718 (Tex.App.-Houston [1st Dist.] 2000, no pet.); *Byrd v. Attorney General*, 877 S.W.2d 566, 569 (Tex.App.-Beaumont 1994, no writ); *Pruske*, 821 S.W.2d at 689; *Nichols v. Martin*, 776 S.W.2d 621, 623 (Tex.App.-Tyler 1989, orig. proceeding); *Birdo v. Holbrook*, 775 S.W.2d 411, 414 (Tex.App.-Fort Worth 1989, writ denied). Following the Seventh Circuit's decision in *Stone v. Morris*, 546 F.2d 730, 735–36 (1976), Texas courts of appeals have recognized a variety of factors that trial courts should consider when deciding whether to grant an inmate's request for a bench warrant. These factors include the cost and inconvenience of transporting the prisoner to the courtroom; the security risk the prisoner presents to the court and public; whether the prisoner's claims are substantial; whether the matter's resolution can reasonably be delayed until the prisoner's release; whether the prisoner can and will offer admissible, noncumulative testimony that cannot be effectively presented by deposi-

tion, telephone, or some other means; whether the prisoner's presence is important in judging his demeanor and credibility; whether the trial is to the court or a jury; and the prisoner's probability of success on the merits. *See, e.g., Pedraza,* 960 S.W.2d at 342; *Byrd,* 877 S.W.2d at 569; *Brewer,* 737 S.W.2d at 423.

■ The court of appeals reasoned that because the record did not reflect that the trial court balanced these factors, it could have improperly deprived Thompson of his constitutional right of access to the courts. 82 S.W.3d at 102. Although Thompson's request stated no basis for why his appearance in court was necessary to preserve his constitutional right, the court of appeals held that the trial court had an independent duty to identify and evaluate, on the record, the relevant *Stone* factors before disposing of Thompson's motion. *Id.* We disagree. In general, our rules place the burden on litigants to identify with sufficient specificity the grounds for a ruling they seek. *See* Tex.R. Civ. P. 21; Tex.R.App. P. 33.1(a)(1)(A). A litigant's status as an inmate does not alter that burden. The central issue is the trial court's responsibility to independently inquire into relevant facts not provided by the moving party. Thompson's request for a bench warrant included no information by which the court could assess the necessity of his appearance. Although Thompson listed the *Stone* factors in his request, he failed to provide any factual information showing why his interest in appearing outweighed the impact on the correctional system. In fact, the only pertinent information contained in the request was that he was located in Rosharon, Texas, more than 200 miles from the trial court. Thompson bore the burden to establish his right to relief. *See Shull v. United Parcel Serv.,* 4 S.W.3d 46, 52–53 (Tex.App.-San Antonio 1999, pet. denied); *Chandler v.*

*Chandler,* 991 S.W.2d 367, 379 (Tex.App.-El Paso 1999, pet. denied). Thompson did not meet this burden. Therefore, the trial court did not abuse its discretion by overruling his request for a bench warrant.

Other courts of appeals have held that a trial court abuses its discretion when it fails to consider or act upon a prisoner's request for a bench warrant. *See In the Interest of C.W.,* 65 S.W.3d 353, 354 (Tex. App.-Beaumont 2001, no pet.); *Jones,* 64 S.W.3d at 211; *In Re Taylor,* 28 S.W.3d 240, 249 (Tex.App.-Waco 2000, orig. proceeding); *Dodd,* 17 S.W.3d at 718; *Zuniga,* 13 S.W.3d at 802; *Byrd,* 877 S.W.2d at 569; *Pruske,* 821 S.W.2d at 689; *Nichols,* 776 S.W.2d at 623. In many of these cases, the courts' opinions do not reveal the content or quality of the bench warrant request. To the extent these cases suggest that a trial court has a duty to go beyond the bench warrant request and independently inquire into the necessity of an inmate's appearance, regardless of the content of the request, we disapprove of them.

As the court in *Pedraza* noted, since a prisoner has no absolute right to be present in a civil action, it follows that the prisoner requesting a bench warrant must justify the need for his presence. 960 S.W.2d at 342; *see also Brewer,* 737 S.W.2d at 424. Because Thompson failed to make the required showing and the trial court is not required, on its own, to seek out the necessary information, we hold that the trial court did not abuse its discretion by implicitly denying Thompson's request for a bench warrant.

### III

For the foregoing reasons, and without hearing oral argument, *see* Tex.R.App. P. 59.1, we grant the Attorney General's petition for review and reverse the court of appeals' judgment. Thompson raised oth-

er issues that the court of appeals did not reach. We therefore remand to the court of appeals to allow it to consider those issues.