Opinion filed May 4, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed May 4, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00079-CV 

 

                                                    __________

 

                              IN THE INTEREST OF S.D.H., A CHILD

 



 

                                         On
Appeal from the 326th District Court

 

                                                          Taylor County, Texas

 

                                                 Trial
Court Cause No. 33,102-C

 



 

                                            M
E M O R A N D U M    O P I N I O N

The trial court appointed Kenneth and Brenda
Hollis sole managing conservators of their granddaughter S.D.H.  The trial court also found that the
appointment of either of her natural parents as managing conservators was not
in the child=s best
interest and that such an appointment would significantly impair the child=s physical health and emotional
development.  The child=s mother was appointed possessory
conservator; the child=s
father was not.  Her father appeals.  We affirm.

                                                               Background
Facts








S.D.H. was born April 17, 1993.  Her parents are Melissa Hollis and Mark A.
Tutt.  Since her birth, S.D.H. has lived
with her maternal grandparents Kenneth (Kenny) and Brenda Hollis.  Shortly after her birth, Kenny and Brenda
filed a petition to be appointed sole managing conservators.  In 1995, Mark was convicted of aggravated
assault and possession of cocaine with the intent to deliver.  Pursuant to the plea bargain  agreements, Mark was sentenced to confinement
for twenty years for the aggravated assault offense and confinement for thirty
years for the possession offense.  In
1999, Kenny and Brenda amended their petition to seek also the termination of
Mark=s
parental rights.  An attorney ad litem was
appointed to represent Mark=s
interest.  Counsel was later permitted to
withdraw.  In 2004, Kenny and Brenda
dropped their claim for termination of Mark=s
parental rights and elected to proceed only on their request to be appointed
sole managing conservators.  On December
1, 2004, the trial court denied Mark=s
motion for a bench warrant to be present at the final hearing and stated in a
written order that it would consider all written evidence that Mark wished to
present.  The final hearing was conducted
on January 3, 2005.

                                                                 Issues
on Appeal

In his pro se brief, Mark contends that the trial
court abused its discretion by failing to appoint counsel in his behalf, by
failing to rule on his request for a jury trial, and by denying his motion in APropria Persona@ filed on July 8, 2003.  Mark also contends that his rights to due
process were violated because the hearing was conducted without any regard for
his rights, that Kenny was allowed to inject false testimony at the hearing,
and that the record contains no facts which support Kenny=s testimony except for the exhibits
containing the criminal judgments convicting Mark of aggravated assault and
possession of cocaine with the intent to deliver.

                                                           Procedural
Complaints

Mark was appointed an attorney ad litem when Kenny
and Brenda amended their petition to seek the termination of his parental
rights.  While he was still represented
by the attorney ad litem, Mark filed his pro se motion in APropria Persona,@ and the trial court denied the
motion.  The record does not reflect that
the trial court erred in denying this motion.

Both Tex.
Fam. Code Ann. '
107.013 (Vernon Supp. 2005) and '
157.163 (Vernon 2002) provide for the appointment of counsel to represent
indigent parents.  However, Section
107.013 applies when termination of parental rights is involved, and Section
157.163 applies in contempt proceedings where incarceration is a
possibility.  Neither section applies to
proceedings to determine custody. The record does not reflect that the trial
court erred in denying Mark=s
request for appointment of counsel after Kenny and Brenda elected to proceed
only on the issue of custody of S.D.H.








Tex. R.
Civ. P. 216a requires a request for a jury trial to be filed at least
thirty days before the date set for the trial. 
Mark filed his request for a jury on December 16, 2004.  The hearing was set for January 3, 2005.  Mark=s
request was not timely, and the trial court did not err by proceeding to hear
the case. 

The record reflects that Mark has been confined in
the Texas Department of Criminal Justice - Institutional Division since his
1995 convictions.  Mark argues that his
rights were violated when the trial court denied his various motions for a
bench warrant.  We disagree.  Litigants cannot be denied access to the
courtroom simply because they are inmates; however, there is no absolute right
to appear in person for every court proceeding. 
In re Z.L.T., 124 S.W.3d 163, 165 (Tex. 2003).  The record does not support Mark=s contentions that the trial court
abused its discretion by denying the motions for bench warrant and by
proceeding to the hearing on Mark=s
written evidence.  Id. at 166.

All of Mark=s
procedural challenges have been considered, and each is overruled.  The record does not support Mark=s claims that he was denied due process
or that any procedural event resulted in reversible error.  Tex.
R. App. P. 44.1.

                                                           Evidentiary
Challenges

Kenny testified that he was S.D.H.=s biological maternal grandfather.  Since her birth in 1993, Kenny and Brenda had
cared for S.D.H. in their home.  Since
his birth in 1992, S.D.H.=s
half brother also lived in their home. 
Kenny stated that Melissa had voluntarily relinquished her rights as the
natural mother to both S.D.H. and her half brother.  At the time of this hearing, Kenny and Brenda
were in the process of adopting the half brother and had been raising both
children as their own.

Kenny further testified that S.D.H. was born with
a cranial facial disorder.  She also had
been diagnosed with a slight learning disability.  During her lifetime, Kenny and Brenda had
arranged for the necessary treatment and care of S.D.H.  Kenny testified that it was in S.D.H.=s best interest that she continue to
live with them.

Kenny stated that S.D.H. was aware that Melissa
and Mark were her biological parents and that Mark was in prison.  Kenny explained that, while Melissa and
S.D.H. were close, Melissa was not available to care for S.D.H. on a daily
basis.  Kenny asked the trial court to
appoint Melissa as a possessory conservator and to allow visitation with
supervision.








Kenny testified that it would not be in S.D.H.=s best interest for Mark to be
appointed a possessory conservator and that such an appointment would endanger
her physical and emotional welfare. 
Kenny stated that he was concerned for S.D.H.=s
safety because of the circumstances surrounding Mark=s
aggravated assault conviction and because of his drug dealing activities.  Prior to his convictions, Mark had requested
to take S.D.H. to the mall to shop. 
Later, Kenny and Brenda discovered that Mark had instead taken her to a Areal rough neighborhood@ known for drug activity.  Another time, Kenny and Brenda were contacted
by some people claiming to be Mark=s
relatives.  They asked if they could take
S.D.H. to have her picture made.  When Kenny
and Brenda asked more questions, it became apparent that the people were not
Mark=s
relatives but were Mark=s
Agirlfriends@
and that they had planned to take S.D.H. from Abilene to Pampa where Mark was
in prison.

Two letters from Mark were introduced into
evidence.  In the last paragraph of the
letter Mark wrote to S.D.H., Mark stated:

Brenda, I really don=t
understand why you would want to deprive me and [S.D.H.] contact, that is real
selfish, and GOD hates ugly, and one day things will be turned around, and you
will see how it feel[s] to be deprived of your grand-child, GOD will cause it
to happen, I have faith in GOD, anyway my [sic] the peace and blessings be upon
you all.

 

S.D.H. was eight years old at the time of the letter.

The record does not support Mark=s contentions that the trial court
abused its discretion or that the trial court=s
decision was not supported by the evidence. 
Mark=s
evidentiary arguments challenging the order are overruled.

                                                             This
Court=s Holding

The order of the trial court is affirmed.

 

TERRY McCALL

JUSTICE

May 4, 2006

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.