Affirmed and Majority and Concurring Memorandum Opinions filed June 26,
2008








Affirmed and Majority and Concurring Memorandum Opinions filed
June 26, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00387-CV

____________

 

IN THE INTEREST OF T.D.N.

 



 

On Appeal from the 313th
District Court

Harris County, Texas

Trial Court Cause No. 06-11781J

 



 

M A J O R I T Y   M E M O R A N D U M  O P I N I O N

A father appeals the termination of his parental rights,
asserting that the trial court erred in not granting his oral motions for
continuance.  Because the father failed to preserve error for appellate review,
we affirm.

I.  Factual and Procedural Background








The Department of Family and Protective Services filed this
action to terminate  appellant Faustino Orosco=s parental rights
as to T.D.N.  Though our record contains no request for a bench warrant, the
trial court signed a bench warrant on February 27, 2007, ordering the Harris
County Sheriff to deliver Orosco to the trial court on April 24, 2007, for the
trial in this case.  According to Orosco=s counsel, Orosco
was transferred to the Texas Department of Criminal Justice on April 7, 2007;
therefore, at the time of trial, Orosco was in the custody of the Texas
Department of Criminal Justice, rather than in the custody of the Harris County
Sheriff.  Orosco did not request, and the trial court did not sign, any bench
warrant directed to the Texas Department of Criminal Justice.  Neither the
Harris County Sheriff nor the Texas Department of Criminal Justice delivered
Orosco to the trial court on April 24, 2007.  At trial, Orosco=s counsel twice
orally requested a continuance of the trial so that Orosco could be present at
the proceedings.  The trial court did not rule on either oral motion.  Orosco=s counsel did not
request a ruling or object to the trial court=s failure to rule
or to any alleged refusal by the trial court to rule on the motions.  Orosco=s counsel did not
request that the trial court order the Texas Department of Criminal Justice to
deliver Orosco to the trial court.  The trial court rendered a judgment
terminating Orosco=s parental rights. 

II.  Issue and Analysis








In his sole issue, Orosco asserts that the trial court
abused its discretion when it did not grant his oral motions for continuance. 
We conclude that Orosco failed to preserve error for appellate review.  A
motion for continuance shall not be granted except for sufficient cause
supported by an affidavit, consent of the parties, or by operation of law.  Tex. R. Civ. P. 251; In the Interest
of B.S.W., No. 14-04-00496-CV, 2004 WL 2964015, at *4 (Tex. App.CHouston [14th
Dist.] Dec. 23, 2004, no pet.) (mem. op.).  Both of Orosco=s motions for
continuance were oral, and the record does not contain a written motion for
continuance or an affidavit.  The record also does not reflect that the parties
consented to a continuance, nor does Orosco assert that a continuance should
have been granted by operation of law.  Because Orosco did not comply with Rule
251, the trial court did not abuse its discretion by failing to grant a continuance. 
See In the Interest of B.S.W., 2004 WL 2994015, at *4; Ohlhausen v.
Thompson, 704 S.W.2d 434, 436B37 (Tex. App.CHouston [14th
Dist.] 1986, no writ).  In addition, Orosco failed to preserve error under
Texas Rule of Appellate Procedure 33.1, which generally requires a party
complaining on appeal to have obtained an adverse ruling on the appellate
complaint in the trial court.  See Tex.
R. App. P. 33.1(a).  The appellate record reflects that the trial court
did not rule on Orosco=s motions for continuance, either
expressly or implicitly.  Orosco did not request the trial court to rule on
these oral motions, nor did he object to any alleged refusal of the trial court
to rule on them.  See Clarke v. Hunter=s Glen Comty. Ass=n, No.
14-03-00971-CV, 2004 WL 1313294, at *1 (Tex. App.CHouston [14th
Dist.] June 15, 2004, no pet.) (mem. op.).  By failing to do so, Orosco
waived the complaint.  See id.

The Texas Supreme Court has ruled that a person in Orosco=s position does
not have an absolute right to be present at trial.  See In re Z.L.T.,
124 S.W.3d 163, 165 (Tex. 2003).  Orosco=s counsel did not
preserve error regarding Orosco=s request for a continuance.  In addition,
Orosco does not argue or brief on appeal, and the record does not reflect, that
had he been present at trial, the trial court=s judgment
probably would have been different. 

Because Orosco failed to preserve error on
the only issue he asserts on appeal, we affirm the trial court=s judgment.

 

 

 

 

/s/      Kem Thompson
Frost

Justice

 

 

Judgment rendered and Majority and
Concurring Memorandum Opinions filed June 26, 2008.

 

Panel consists of
Justices Fowler, Frost, and Seymore.  (Seymore, J., concurring).