

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00127-CV

_____

TIMMIE PARKS, Appellant

V.

UNIVERSITY OF TEXAS MEDICAL BRANCH, Appellee

On Appeal from the 202nd Judicial District Court
Bowie County, Texas
Trial Court No. 09C1642A-202

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Timmie Parks filed suit against the University of Texas Medical Branch (UTMB) October 29, 2009.[1] He alleged that, while he was incarcerated in the Texas Department of Criminal Justice Telford Unit in New Boston, Texas, he was injured while working on the prison boiler system and the resulting diagnosis and treatment by the UTMB staff members at the prison was conducted negligently.

Parks alleged that he lacked the financial ability to secure his own medical expert and on November 4, 2009, moved the court to appoint him a medical expert so that he could comply with the medical expert report requirements of Chapter 74 of the Texas Civil Practice and Remedies Code. Parks filed a motion for default judgment on December 23, 2009, alleging that UTMB's answer to his petition was untimely filed. Two months later, on February 11, 2010, Parks filed a motion petitioning the court to order that a physician examine him so that he could prove the elements of his health care liability claims.

On February 12, 2010, UTMB moved to dismiss[2] Parks' lawsuit because he had failed to serve an expert report[3] within 120 days of filing suit, as required by Section 74.351 of the Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (West 2011).

---

[1]Parks also named the Texas Department of Criminal Justice (TDCJ) as a defendant, and asserted negligence and premises liability claims against it.

[2]The motion also included a motion to sever Parks' claims against UTMB from his claims against TDCJ, which was granted.

[3]It is undisputed that Parks failed to serve UTMB with a medical expert report.

2

After a hearing where both UTMB and Parks[4] appeared, the trial court granted UTMB's motion to dismiss and denied all other relief not expressly granted in the judgment.

On appeal, Parks argues that: (1) the trial court erred by not ruling on his three motions prior to dismissing his claims against UTMB; and (2) this failure deprived him of his right to an interlocutory appeal of those rulings.[5] We affirm the trial court's judgment.

The trial court's order granting UTMB's motion to dismiss did not specifically reference Parks' motions, but the order states: "the Court denies all relief not expressly granted in this judgment." In his first point of error, Parks contends that the trial court erred by failing to rule on his three motions before dismissing his claims against UTMB.[6]

When a trial court's express ruling on one motion necessarily implies a contrary ruling on an opposing motion, the trial court may be deemed to have implicitly ruled on the opposing motion. *See Salinas v. Rafati*, 948 S.W.2d 286, 288 (Tex. 1997); *see also In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003) (holding trial court's act of proceeding to trial without issuing requested bench warrant was implicit denial of its request). Dismissing Parks' claims against UTMB necessarily implies that Parks' motions were denied. Because the trial court's judgment implicitly denied Parks' motions, we overrule his first point of error. Our ruling on the first point of error makes the second point a moot issue.

---

[4]Parks appeared and participated via closed-circuit television.

[5]Parks does not argue that his motions tolled the running of the 120-day time period.

[6]Parks does not argue that the trial court erred by denying his motions.

We affirm the judgment of the trial court.


                                                Jack Carter
                                                Justice


Date Submitted:        June 23, 2011
Date Decided:          June 24, 2011