In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00127-CV

                                                ______________________________

 

 

                                           TIMMIE
PARKS, Appellant

 

                                                                V.

 

                 UNIVERSITY OF TEXAS MEDICAL BRANCH, Appellee

 

 

                                                                                                  


 

 

                                      On Appeal from the 202nd
Judicial District Court

                                                             Bowie County, Texas

                                                     Trial Court No. 09C1642A-202

 

                                                   
                                               

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

            Timmie Parks
filed suit against the University of Texas Medical Branch (UTMB)
October 29, 2009.[1]  He alleged that, while he was incarcerated in
the Texas Department of Criminal Justice Telford Unit in New Boston, Texas, he
was injured while working on the prison boiler system and the resulting
diagnosis and treatment by the UTMB staff members at the prison was conducted
negligently. 

            Parks
alleged that he lacked the financial ability to secure his own medical expert
and on November 4, 2009, moved the court to appoint him a medical expert so
that he could comply with the medical expert report requirements of Chapter 74
of the Texas Civil Practice and Remedies Code. 
Parks filed a motion for default judgment on December 23, 2009, alleging
that UTMB’s answer to his petition was untimely filed.  Two months later, on February 11, 2010, Parks
filed a motion petitioning the court to order that a physician examine him so
that he could prove the elements of his health care liability claims.  

            On February
12, 2010, UTMB moved to dismiss[2]
Parks’ lawsuit because he had failed to serve an expert report[3]
within 120 days of filing suit, as required by Section 74.351 of the Civil
Practice and Remedies Code.  See Tex.
Civ. Prac. & Rem. Code Ann. § 74.351 (West 2011).  After a hearing where both UTMB and Parks[4]
appeared, the trial court granted UTMB’s motion to dismiss and denied all other
relief not expressly granted in the judgment. 

            On appeal,
Parks argues that:  (1) the trial court
erred by not ruling on his three motions prior to dismissing his claims against
UTMB; and (2) this failure deprived him of his right to an interlocutory appeal
of those rulings.[5]  We affirm the trial court’s judgment.      

            The trial
court’s order granting UTMB’s motion to dismiss did not specifically reference
Parks’ motions, but the order states:  “the
Court denies all relief not expressly granted in this judgment.”  In his first point of error, Parks contends
that the trial court erred by failing to rule on his three motions before
dismissing his claims against UTMB.[6]  

            When a trial
court’s express ruling on one motion necessarily implies a contrary ruling on
an opposing motion, the trial court may be deemed to have implicitly ruled on
the opposing motion.  See Salinas v. Rafati, 948 S.W.2d 286,
288 (Tex. 1997); see also In re Z.L.T.,
124 S.W.3d 163, 165 (Tex. 2003) (holding trial court’s act of proceeding to
trial without issuing requested bench warrant was implicit denial of its request).  Dismissing Parks’ claims against UTMB
necessarily implies that Parks’ motions were denied.  Because the trial court’s judgment implicitly
denied Parks’ motions, we overrule his first point of error.  Our ruling on the first point of error makes
the second point a moot issue.    

            

            We affirm
the judgment of the trial court. 

 

                                                                                    Jack
Carter

                                                                                    Justice

 

Date
Submitted:          June 23, 2011

Date
Decided:             June 24, 2011











[1]Parks
also named the Texas Department of Criminal Justice (TDCJ) as a defendant, and
asserted negligence and premises liability claims against it.  

 





[2]The
motion also included a motion to sever Parks’ claims against UTMB from his
claims against TDCJ, which was granted.

 





[3]It
is undisputed that Parks failed to serve UTMB with a medical expert report.

 





[4]Parks
appeared and participated via closed-circuit television. 

 





[5]Parks
does not argue that his motions tolled the running of the 120-day time period.

 





[6]Parks
does not argue that the trial court erred by denying his motions.