Affirmed and Memorandum Opinion filed July 21, 2011.



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-09-00596-CV



 

LAWRENCE EDWARD THOMPSON, Appellant

V.

ALDINE INDEPENDENT SCHOOL
DISTRICT, HARRIS COUNTY, HARRIS
COUNTY DEPARTMENT OF EDUCATION, PORT OF HOUSTON AUTHORITY OF HARRIS COUNTY,
HARRIS COUNTY FLOOD CONTROL DISTRICT, THE HARRIS COUNTY HOSPITAL DISTRICT, LONE
STAR COLLEGE SYSTEM DISTRICT, AND CITY
OF HOUSTON, Appellees

 



On Appeal from the 152nd District
Court

Harris County, Texas

Trial Court Cause No. 2003-05510



 

MEMORANDUM OPINION

             Appellant,
Lawrence Edward Thompson, appeals a judgment ordering foreclosure of liens for
delinquent ad valorem taxes owed to appellees, Aldine Independent School
District, Harris County, Harris County Department of Education, Port of Houston
Authority of Harris County, Harris County Flood Control District, The Harris
County Hospital District, Lone Star College System District, and City of
Houston.  In three issues, Thompson contends (1) the trial court erred by rendering
judgment without ruling on Thompson’s motion for a bench warrant to secure his
presence at trial, (2) appellees failed to prove the taxes were delinquent and that
they provided Thompson notice of delinquency, and (3) the court erred by
rejecting Thompson’s affidavit regarding his inability to pay appellate costs. 
We affirm.

Background

            Aldine
Independent School District (“the school district”) filed this suit to collect
delinquent taxes on a vacant tract of land in Humble, Texas.  The school
district originally named as defendants the unknown heirs of Will Wilson and
Tennie Wilson, who had allegedly owned the property.  The school district later
amended its petition to name as defendants the unknown heirs of Will Wilson and
Willie Elma Williams, who was allegedly the sole devisee of the deceased Tennie
Wilson.  The school district subsequently amended its petition numerous times
to add various identified heirs, including Thompson, who appeared by filing an
answer.  The trial court appointed an attorney ad litem to represent both unknown
heirs and several identified heirs who had not been located.  The other
appellees eventually intervened to collect delinquent taxes they had assessed
on the property.

            On January 23, 2009, a
tax master conducted a hearing and signed a report, setting forth the
delinquent taxes, penalties, and interest due appellees for the applicable tax
years, plus attorneys’ fees and some miscellaneous collection costs.  On
February 25, 2009, the trial court adopted the report and signed a judgment awarding
appellees the amounts found by the master and ordering foreclosure of their tax
liens and sale of the property to satisfy the judgment.  In the judgment, the
court expressed that no monetary relief was awarded against certain defendants,
including Thompson, and the judgment was solely “in rem” relative to these
defendants.  Thompson filed a motion to vacate the judgment, which the trial
court denied on the master’s recommendation.

Request for Bench Warrant

            Thompson asserts
that he was incarcerated in the Texas Department of Criminal Justice at the
time of the hearing.  He filed a “Request For Bench Warrant or In the
Alternative, Hearing By Teleconference” to secure his participation at the
hearing.  The record does not include an explicit ruling on the request.  In
his first issue, Thompson contends the trial court erred by failing to rule on the
request.

In his request, Thompson referenced a trial set for December
19, 2008, whereas the hearing actually occurred on January 23, 2009.  The
record does not include any request relative to the January 23, 2009 hearing. 
Nonetheless, to the extent Thompson’s request may be construed as applicable to
any trial setting, the court implicitly denied it by allowing the hearing to proceed
without issuing the bench warrant or securing appellant’s participation by
teleconference.  See In re Z.L.T., 124 S.W.3d 163, 165 (Tex. 2003) (holding
that court’s proceeding to trial without explicitly ruling on incarcerated
defendant’s request for bench warrant constituted implicit denial of request).

Thompson’s appellate contention is confined solely to complaining
that the trial court did not rule on his request.  He does not advance any
argument regarding the merits of the request or contend that the trial court’s
implicit ruling was erroneous.  Accordingly, we overrule his first issue.

Proof of Delinquent Taxes and Notice

In his second issue, Thompson suggests appellees did not
prove (1) taxes were delinquent and (2) they provided notice of delinquency to Thompson.

Thompson’s
entire argument in support of this issue is less than one page of his brief.  His
first complaint regarding proof that taxes were delinquent consists solely of the
following assertion with no supporting argument or authority: “the trial court
erred in entering judgment in the appellee’s favor without a showing that the
taxes were delinquent. . . .”  Nonetheless, we construe this assertion as a
challenge to legal sufficiency of the evidence supporting the master’s finding,
subsequently adopted by the trial court, that certain taxes were delinquent.

When examining a legal-sufficiency challenge, we
review the evidence in the light most favorable to the challenged finding and
indulge every reasonable inference that would support it.  City of Keller v.
Wilson, 168 S.W.3d 802, 822 (Tex. 2005).  We credit favorable evidence if a
reasonable fact finder could and disregard contrary evidence unless a reasonable
fact finder could not.  Id. at 827.  The evidence is legally sufficient
if it would enable reasonable and fair-minded people to reach the verdict under
review.  Id.

            Appellees
proved taxes were delinquent using the method prescribed under Texas Tax Code
section 33.47(a):

In a
suit to collect a delinquent tax, the taxing unit’s current tax roll and
delinquent tax roll or certified copies of the entries showing the property and
the amount of the tax and penalties imposed and interest accrued constitute
prima facie evidence that each person charged with a duty relating to the
imposition of the tax has complied with all requirements of law and that the
amount of tax alleged to be delinquent against the property and the amount of
penalties and interest due on that tax as listed are the correct amounts.  

Tex. Tax Code Ann. § 33.47(a) (West 2008).

The school
district submitted an affidavit of its Tax Assessor-Collector who authenticated
an attached delinquent tax statement.  The other appellees collectively
submitted a “Certified Delinquent Tax Statement Detail” from the Harris County
Tax Assessor-Collector.  The amounts of delinquent taxes shown on these documents
for the applicable years were consistent with the amounts of delinquent taxes
found by the master.  Accordingly, the evidence is legally sufficient to
support the master’s finding that certain taxes were delinquent.

With respect to his contention regarding
lack of notice, Thompson cites Tax Code section 33.04, which provides that,
subject to certain exceptions, “[a]t least once each year the collector for a
taxing unit shall deliver a notice of delinquency to each person whose name
appears on the current delinquent tax roll.”  Tex. Tax Code Ann. § 33.04 (West
2008).  We note that Thompson also mentions a requirement that the taxing
authority give “a seperate [sic] notice every five years.”  He apparently references
a former version of section 33.04 which required the tax collector “in each
year divisible by five” to also deliver written notice of delinquency to each
person whose name and mailing address were listed on the most recent certified
appraisal roll, if the taxes had been delinquent more than one year.  See
Act of Mat 30, 1999, 76th Leg., R.S., ch, 1481 § 16, 1999 Tex. Gen. Laws 5097,
5101 (amended 2001) (current version at Tex. Tax Code Ann. § 33.04).  A person
who did not receive this notice could avoid payment of penalties and interest
on delinquent taxes.  See id.  However, the Legislature amended section §
33.04, effective September 1, 2001, to delete the five-year-notice requirement. 
See Tex. Tax Code Ann. § 33.04.  The current statute applies to all
taxes, even those that became delinquent before its effective date, except
taxes subject to a collection suit filed before the effective date, which remain
subject to the former statute.  See id.  Because appellees filed this
suit after September 1, 2001, the current version of section 33.04 applies.  

Thus, appellees were required to deliver
only a yearly notice of delinquency “to each person whose name appears on the
current delinquent tax roll.” See id.  The evidence reflects that “Tennie
Wilson” was the name on appellees’ delinquent tax rolls.  There is no evidence
that Thompson’s name was on the delinquent tax rolls for any applicable years. 
In fact, while Thompson generally states that appellees failed to prove he “had
notice,” he does not claim his name was on the delinquent tax rolls.  Accordingly,
appellees were not required to deliver notice to Thompson under section 33.04. 
We overrule his second issue.

Affidavit Regarding Inability to Pay Appellate Costs

            In his third
issue, Thompson contends the trial court erred by “denying” his “Affidavit of Inability
to Pay Costs on Appeal.”  Thompson filed several affidavits in the trial court attempting
to establish his inability to pay costs.  Before the appellate record was
filed, Thompson filed a similar affidavit in our court.  We abated this appeal
to give Thompson an opportunity to amend the affidavit to comply with the applicable
Texas Rule of Appellate Procedure.  Thompson then filed an amended “Affidavit of
Indigence” in the trial court.  The district clerk filed a contest to the
affidavit.  The record reflects that the trial court originally sustained the
district clerk’s contest, stating that Thompson had failed to file an amended
affidavit.  However, the trial court later signed a “Judgment and Order Denying
Contest to Pauper’s Oath,” ruling,

IT IS THEREFORE, ORDERED, ADJUDGED and DECREED, that the
Contest to the Affidavit of Affiant [Thompson] to proceed in this matter
without prepayment of the costs of appeal or any part thereof, or to give
security therefore is DENIED.  

 

IT IS FURTHER ORDERED that the District Clerk shall
proceed and process all further actions or settings on this case without [Thompson]
paying any costs, or giving security therefore of this appeal.

 

Our file indeed shows
Thompson is classified as indigent, and the record was filed after the court
signed the above-cited order.  Accordingly, Thompson’s third issue is moot.

            We affirm the
trial court’s judgment.                                                                               

/s/        Charles W. Seymore

                                                                                                Justice

 

Panel
consists of Justices Anderson, Seymore, and McCally.