# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-13-00004-CV

---

**M. G. P., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
NO. D-1-FM-11-006814, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING**

---

### M E M O R A N D U M   O P I N I O N

Appellant M.G.P. appeals from the trial court's decree terminating his parental rights to his three children, who were aged seven, five, and four at the time of termination. He complains that his due process rights were violated when the trial court refused to grant his motion to extend the case and instead proceeded to trial. We affirm the trial court's termination decree.

The factual and procedural background of the cause are well-known to the parties, and we therefore will not recite them in great detail in this opinion. *See* Tex. R. App. P. 47.1 (appellate court opinions should be as "brief as practicable" in addressing issues necessary to final disposition), 47.4 (memorandum opinions should be "no longer than necessary to advise the parties of the court's decision and the basic reasons for it"). On October 26, 2009, M.G.P. was convicted in a federal court of drug possession and possession with intent to distribute and was sentenced to seventy-seven months in federal prison, which would result in a release date in early 2016. On

December 12, 2011, the Texas Department of Family and Protective Services filed a petition seeking conservatorship of the three children, who were in the care of M.R., their mother and M.G.P.'s wife, due to allegations that the children were being neglected; that M.R. and another person living in the house were regularly using cocaine and crack cocaine while the children were in the house and sometimes present; that the youngest child was seen outside while M.R. slept following drug use; and that the house was dirty and unsafe.

M.G.P. wrote a letter to the trial court in February 2012, explaining that he was incarcerated in South Carolina with a projected release date of March 15, 2013. An attorney was appointed for M.G.P., and trial was set for November 5, 2012. On October 26 and November 5, M.G.P. filed motions seeking an extension of the trial date pursuant to section 263.401 of the family code. *See* Tex. Fam. Code Ann. § 263.401 (West Supp. 2012) (trial court must proceed to trial or dismiss termination case one year after Department files petition unless court finds (1) that "extraordinary circumstances" require granting extension of up to 180 days and (2) that extension is in child's best interest). M.G.P. alleged that he had been moved between prison facilities, making it difficult for him to correspond with his attorney through the mail; he had not had time to respond to counsel's most recent correspondence; counsel had attempted unsuccessfully to arrange for M.G.P. to participate in the trial via video or telephone conference but that the prison was unwilling to commit an employee to supervise M.G.P. during a trial via telephone and that technology problems made a video-conference impossible; and M.G.P. was in a drug-treatment program that, if completed, would result in a reduction of sentence that he "estimate[d] . . . to be effective close to September of 2013." M.G.P. stated that his attorney had not been able to "alert him as to the

2

gravity of" the case and that he therefore had not contacted friends and family to arrange for someone to care for the children while he is incarcerated. However, he said that a woman who was "fictive kin" to the children had agreed to care for them and to be an adoptive placement, if necessary, and named M.R.'s brother as another potential foster or adoptive parent for the children.

The trial court held a hearing on M.G.P.'s motion. The court noted that M.G.P. had not provided any affidavits related to the drug-treatment plan, his release date, or his plans for the children, and counsel stated that he had not confirmed M.G.P.'s representations about a possible September 2013 release date. The Department informed the court that "there's been no indication that he will be getting out any earlier than 2015" and that federal records showed a release date of January 19, 2015. The Department argued that a six-month extension would have little effect because M.G.P. would still be incarcerated, the Department would have no chance to observe his interactions with the children, and the children would linger in uncertainty for longer. The trial court denied the motion, proceeded to trial, and terminated M.G.P.'s and M.R.'s parental rights.

M.G.P. filed a motion for new trial, attaching an affidavit dated November 26, 2012, in which M.G.P. averred that his projected release date is January 19, 2015, but that if he completed the drug-treatment program he was currently enrolled in, he would be released to a halfway house in September or October 2013,[1] at which time he would begin to work and care for the children with the help of the woman he had proposed as a temporary placement. He attached a letter from the prison's Psychology Programs Coordinator, who stated that if M.G.P. successfully completed the drug treatment program, he would be "eligible to receive up to 12 months off his sentence."

---

[1] The affidavit actually said the halfway house release would be in September or October 2012, but since the affidavit was written in November 2012, we assume that was a typographical error.

3

M.G.P. argues that the trial court abused its discretion in denying his motion for an extension because he was prevented from participating in the hearing and trial, thus violating his due process rights to access to the court system. We disagree.

The family code bars a trial court from granting an extension of a final trial date unless there are "extraordinary circumstances" that require it *and* the extension is in the child's best interest. *Id*. § 263.401(b). Appellant did not present evidence via affidavit before the trial date, and there was no indication that he was in any way barred from doing so by his moves between prisons. Even if the trial court had considered counsel's representations of an expected September 2013 release date as evidence, the longest the court could have extended the cause would have been to June 2013. Further, it appears from the Psychology Programs Coordinator's letter that the earliest possible release date would be January 2014, one year earlier than the original January 2015 release date, and that M.G.P.'s receiving an early release was not a certainty. M.G.P. did not provide the Department with the names of anyone who might be able to care for the children until shortly before trial, although he was aware of the pending proceeding since at least February 2012, eleven months before trial, and the Department's witnesses testified that granting an extension was not in the best interest of the children, who needed certainty and stability in their lives.

In considering whether an inmate's right to access the courts has been violated, we consider a number of factors, including whether his claims are substantial, whether his testimony could be effectively offered by other means, whether the trial is before the court or a jury, whether an evaluation of his credibility is important, and, most importantly, whether he is represented by counsel. *Armstrong v. Randle*, 881 S.W.2d 53, 57 (Tex. App.—Texarkana 1994, writ denied) (citing

4

*Stone v. Morris*, 546 F.2d 730, 735-36 (7th Cir. 1976)). M.G.P. knew about the termination proceeding almost one year before trial, his attorney was appointed about seven months before trial, and the two were able to communicate by mail and phone, albeit sometimes with substantial delays. Despite that, M.G.P. did not take steps to provide evidence in affidavit form, nor did he attempt to inform the Department of potential placements for the children until mere days before trial. More important, M.G.P. did not even attempt to show that granting the extension would be in the children's best interests. *See* Tex. Fam. Code Ann. § 263.401(b). Based on this record, M.G.P. has not shown that the trial court abused its discretion in denying his motion for an extension or in determining that going forward with the trial would violate his right of access to the courts. *See In re Z.L.T.*, 124 S.W.3d 163, 165-66 (Tex. 2003) (trial court's decision about how inmate can participate in trial is reviewed for abuse of discretion); *In re A.J.M.*, 375 S.W.3d 599, 604 (Tex. App.—Fort Worth 2012, pet. denied) (denial of motion to extend reviewed for abuse of discretion).

We overrule M.G.P.'s sole issue on appeal and affirm the trial court's termination decree.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton and Rose

Affirmed

Filed: May 16, 2013