

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00633-CV

**REAL PROPERTY LOCATED AT 141 DERWEN, FREDERICKSBURG, TEXAS AND THE OAKWOOD 16'X72' SINGLE SECTION MANUFACTURED HOME SERIAL NO. HOTX088076699**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 216th Judicial District Court, Gillespie County, Texas
Trial Court No. 12,843
Honorable N. Keith Williams, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:    Sandee Bryan Marion, Justice
Rebeca C. Martinez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed: February 26, 2014

AFFIRMED

This appeal stems from a forfeiture proceeding concerning Ed Coburn Linville's interest in real property and a manufactured home located in Fredericksburg, Texas. In the underlying forfeiture proceeding, the State sought forfeiture of the property as contraband subject to forfeiture as defined by Chapter 59 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. art. 59.01(2) (West Supp. 2013) (defining "contraband"). After being served at a different physical

location[1] on August 25, 2011, Linville filed pro se an answer to the State's Original Notice of Seizure and Intention to Forfeit, and later a Motion for Discovery, but failed to attend the trial on the merits. The trial court, after presentation of the State's evidence, entered a Final Judgment of Forfeiture against Linville, who now appeals.

Linville presents two issues for review. First, Linville argues that his due process rights were violated because summary judgment was entered in his absence. Second, he asks whether the trial court fulfilled its obligation to answer his discovery request. In support of his argument, Linville indicates he filed a Motion for Discovery on September 19, 2011, which was never answered. He further alleges he was in federal custody since November 1, 2011[2] and was afterwards transferred to various detention facilities, but was precluded from carrying "anything including legal documents, addresses, letters, etc. while being transferred." He claims both his appointed counsel and the trial court knew he was in federal custody and could have easily issued a writ of habeas corpus to ensure his attendance at the hearing.

The order complained of does not stem from a summary judgment hearing but from a trial on the merits. Linville does not complain of lack of notice of hearing but only that the trial court erred in denying him discovery and an opportunity to be present and to be heard. The record reflects that Linville filed a request for discovery but neither made a request for hearing nor lodged objections to ignored discovery. Any complaint of such error is thus waived.

---

[1] Linville was served with citation at the same physical address used in correspondence to the court, including his pro se answer and motion for discovery dated September 16, 2011. The State thereafter used the same physical address for service upon Linville of its Motion to Set Case for Bench Trial on January 30, 2012, the same date it received faxed notice that Linville had been appointed counsel on November 2, 2011 by the Federal Public Defender in Austin to represent Linville in a federal criminal proceeding; the fax contained only a request for copies of two State asset forfeiture proceedings pending in Gillespie County. It appears the trial was continued, as the record contains an order titled "Order Setting Case for Jury Trial" setting the case for a bench trial on the merits on August 16, 2012, with service to Linville by mail to his physical address on record, and to counsel for the property lienholder who appeared at trial. Also on August 16, 2012, the State filed a Certificate of Last Known Address indicating Linville's last known address at the federal correctional institution in Fort Worth, where notice of default judgment was delivered to Linville.

[2] In his Motion Seeking to Proceed In Forma Pauperis, Linville asserts he has been incarcerated since May of 2012.

*See* TEX. R. APP. P. 33.1.  Moreover, because Linville fails to present a record that reflects he was in custody at the time the case was heard and requested a transfer from the trial court, any complaint of error is waived.[3]  Even assuming error was preserved, Linville fails to show why his appearance was necessary.  *See In re Z.L.T.*, 124 S.W.3d 163, 166 (Tex. 2003) (because prisoner has no absolute right to be present in a civil action, request for bench warrant must include information by which trial court can assess necessity of inmate's appearance and why his interest in appearing outweighs impact on the correctional system).  An inmate does not have an absolute right to appear in person in every court proceeding and must justify the need for his presence.  *Id.*  We therefore hold that Linville failed to preserve these issues for review on appeal, and affirm the judgment of the trial court.

Rebeca C. Martinez, Justice

---

[3] Linville provides no authority for a required transfer of an inmate in federal custody to attend a state civil court trial.