**Opinion filed June 19, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00289-CV

_____

## IN THE INTEREST OF A.R., A CHILD

**On Appeal from the 161st District Court**

**Ector County, Texas**

**Trial Court Cause No. B-121,303**

### M E M O R A N D U M   O P I N I O N

The mother of A.R. requested that the trial court terminate the parental rights of A.R.'s father. The paternal grandmother filed a motion seeking access to the child. After a hearing regarding only the issue of termination, the trial court entered an order terminating the father's parental rights. The trial court eventually dismissed the remainder of the case. The father and the paternal grandmother, "as aligned parties," filed a notice of appeal. We affirm.

## Issues

The father filed a brief in which he presents two issues for review. In the first issue, the father contends that the trial court erred when it denied him the right to personally appear at the hearing. In the second issue, the father asserts that the trial court denied him the right to present a viable defense.

## Termination Hearing

To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(1)(A)–(T) of the Family Code and that termination is in the best interest of the child. TEX. FAM. CODE ANN. § 161.001 (West 2014). In this case, the trial court found that the father had committed two of those acts—those found in subsections (F) and (Q). Specifically, the trial court found that the father had failed to support the child in accordance with his ability for the requisite time period and that the father had knowingly engaged in criminal conduct that resulted in his conviction of an offense and confinement or imprisonment and inability to care for the child for not less than two years from the date the petition was filed. The trial court also found, pursuant to Section 161.001(2), that termination of the father's parental rights would be in the best interest of the child.

The record shows that the father was incarcerated at the time of the final hearing in this case but that he participated in the hearing by telephone. The father had been convicted in August 2007 of the aggravated sexual assault of the mother. He was sentenced to a fourteen-year term of imprisonment, and his projected release date is sometime in 2020. The mother testified to the details of the aggravated sexual assault, which occurred in the presence of their young child and involved the mother being brutally beaten by the father over a period of five to six hours. The father acknowledged the conviction, the fourteen-year sentence, the 2020 projected release date, and his inability to provide for the child while

incarcerated.  At the hearing, the father was permitted to cross-examine the mother, to tell his side of the story, and to call witnesses to testify on his behalf.  He called his mother and his sister as witnesses at the hearing.

*Father's Right to Appear in Person*

In the first issue, the father asserts that the trial denied the father the right to personally appear at the hearing regarding termination.  The record on appeal, however, does not reflect that the father objected to participating by telephone or requested to appear in person.  Consequently, the father has not preserved this issue for review.  *See* TEX. R. APP. P. 33.1(a); *In re S.K.V.*, No. 04-12-00323-CV, 2013 WL 11886, at *4 (Tex. App.—San Antonio Jan. 2, 2013, pet. denied) (mem. op.).  Furthermore, although a litigant cannot be denied access to the courts simply by virtue of being an inmate, an inmate does not have an absolute right to appear in person in every court proceeding.  *In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003); *see Hudson v. Palmer*, 468 U.S. 517, 523 (1984).  An inmate's right of access to the courts must be weighed against the protection of our correctional system's integrity.  *Z.L.T.*, 124 S.W.3d at 165.  The inmate has the burden to establish his right to relief; the father did not meet his burden.  *See id.* at 166.  We overrule the first issue.

*Presentation of Defense*

In the second issue, the father contends that the trial court prevented him from presenting a viable defense when it prohibited him from presenting any evidence in support of his desire and ability to care for the child without placing the child in danger.  One of the requirements for termination under Section 161.001(1)(Q) is that the parent be confined or imprisoned and unable to care for the child.  The father asserts in his brief that he had arranged for his mother to care for the child while he was incarcerated.  The father's complaint apparently stems from the trial court's ruling during the father's direct examination

3

of the paternal grandmother.  The father asked his mother to tell the court about her relationship with the child.  Counsel for the mother objected that the father was "getting into the grandparent issues" when the purpose of the hearing was only to address the issue of termination.  The trial court informed the father that his question regarding "what kind of relationship your mother has with the child . . . is irrelevant."  The trial court subsequently permitted the father's sister to testify over objection that the child knew her paternal grandmother and had spent time with her.  The record does not reflect that the father offered any evidence or attempted to ask any questions regarding whether the paternal grandmother could provide for the child or whether the father had arranged for her to provide for the child until the father was released from prison.  Furthermore, the father testified that he had no ability to care for the child and could not provide for her financially.  The record does not support the father's contention that the trial court prohibited him from presenting a viable defense.  The second issue is overruled.

*This Court's Ruling*

We affirm the trial court's order of termination.


JOHN M. BAILEY

JUSTICE


June 19, 2014

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.