**Opinion filed May 15, 2015**



In The

# Eleventh Court of Appeals

———————

## No. 11-14-00326-CV

———————

## IN THE INTEREST OF K.D., A CHILD

**On Appeal from the 266th District Court**

**Erath County, Texas**

**Trial Court Cause No. CV32067**

### MEMORANDUM OPINION

This is an appeal from an order in which the trial court terminated the parental rights of the father of K.D. K.D.'s father timely filed an appeal. In two issues on appeal, he challenges the trial court's denial of an application for a bench warrant and the trial court's denial of a motion to dismiss the attorney ad litem's cross-petitions. We affirm.

### I. *Background Facts*

To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in

Section 161.001(1)(A)–(T) and that termination is in the best interest of the child. TEX. FAM. CODE ANN. § 161.001 (West 2014). In this case, the trial court found that Appellant had committed five of the acts listed in Section 161.001(1)—those found in subsections (D), (E), (N), (O), and (Q). Specifically, the trial court found that Appellant had knowingly placed or knowingly allowed the child to remain in conditions or surroundings that endangered the child's physical or emotional well-being, that Appellant had engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangered the child's physical or emotional well-being, that Appellant had constructively abandoned the child, that Appellant had failed to comply with the provisions of a court order that specifically established the actions necessary for him to obtain the return of the child, and that Appellant knowingly engaged in criminal conduct that resulted in a conviction and confinement that has caused him to be unable to care for the child for not less than two years from the date the petition was filed. The trial court also found, pursuant to Section 161.001(2), that termination of Appellant's parental rights would be in the best interest of the child. Appellant does not challenge any of these findings.

II. *Analysis*

A. *Due Process: Denial of Bench Warrant*

In his first issue, Appellant contends that the trial court abused its discretion and violated Appellant's right to due process when it summarily denied his application for a bench warrant.

The proceedings in a suit to terminate parental rights must comport with procedural due process. *In re B.L.D.*, 113 S.W.3d 340, 351–52 (Tex. 2003). Procedural due process requires, at a minimum, notice and an opportunity to be heard at a meaningful time and in a meaningful manner. *Tex. Workers' Comp. Comm'n v. Patient Advocates of Tex.*, 136 S.W.3d 643, 658 (Tex. 2004) (citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). Three factors to be considered in determining

what process is due in a particular proceeding are (1) the private interest affected by the proceeding, (2) the risk of an erroneous deprivation of that interest due to the procedures used, and (3) the countervailing governmental interest. *Mathews*, 424 U.S. at 335. The private interest affected by a termination case is the parent's fundamental liberty interest in the care, custody, and control of his child. *In re B.L.D.*, 113 S.W.3d at 352. The governmental interests in a termination proceeding include promoting the best interest of the child and bringing the case to an end so that a child is not left in limbo. *Id.* at 353.

The risk of erroneously depriving a parent of his interest in the care, custody, and control of his child could be affected by the refusal to allow the parent to appear in person at trial. A litigant cannot be denied access to the courts simply because he is incarcerated. *In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003). However, an inmate does not have an absolute right to appear in person in every court proceeding, including a suit affecting the inmate's parental rights. *Id.* An inmate's right of access to the courts must be weighed against the protection of the correctional system's integrity. *Id.* When considering an inmate's request for a bench warrant, Texas courts generally consider the following factors: whether transporting the inmate to the courtroom would be costly and inconvenient; whether the inmate presents a security threat; whether the inmate's claims are substantial; whether the resolution of the matter can reasonably be delayed until the inmate's release; whether the inmate can and will offer admissible, noncumulative testimony that cannot be effectively presented by deposition, telephone, or some other means; whether the inmate's presence is important in judging his demeanor and credibility; whether the trial is to the court or a jury; and whether the inmate is likely to succeed on the merits. *Id.* at 165–66. The inmate has the burden to establish his right to relief. *Id.* at 166.

Appellant filed an application for a bench warrant on April 9, 2014, to secure his presence at trial. The record shows that a trial date of April 15, 2014, had been

set since February 4, 2014. In his application, Appellant asserted that his presence at trial was necessary and vital to his defense. The trial court convened on April 15, denied Appellant's application for a bench warrant, and postponed the trial date to May 1 to give Appellant and his attorney "plenty of opportunity to submit [Appellant's] testimony by way of affidavit." At trial, Appellant's attorney offered six exhibits into evidence. All six were admitted without objection. Three of the exhibits were affidavits that had not yet been signed by Appellant. Two of the exhibits were handwritten documents in which Appellant explained his position and presented evidence, including a certificate of completion for an anger conflict resolution course and a certificate of completion for a men's life-skills course. The other exhibit contained a recent picture of Appellant.

At the time of the final hearing, Appellant was incarcerated in Lubbock County. His attorney explained that he had obtained a narrative from Appellant and had prepared affidavits using Appellant's narrative. The affidavits were sent to Appellant to sign, but because of a delay caused by Appellant's transfer from Bell County to Lubbock County, Appellant's attorney had not received the signed copies at the time of the May 1 trial date. Appellant's attorney informed the court that he had talked to Appellant and that Appellant said he had signed the affidavits and had had them notarized. The trial court permitted the affidavits to be admitted into evidence based upon Appellant's attorney's representations that the affidavits had been signed by Appellant and notarized.

Our review of the record reveals that Appellant was provided with notice and an opportunity to be heard at a meaningful time and in a meaningful manner. Appellant did not meet his burden of establishing the necessity of a bench warrant. Furthermore, although Appellant was not able to appear in person, the trial court provided a meaningful method whereby Appellant could make his position known to the trial court. The risk of an erroneous deprivation of Appellant's interest was

minimized by the procedures used as a substitution for his personal appearance. We hold that, when it overruled Appellant's request for a bench warrant, the trial court did not abuse its discretion or violate Appellant's right to due process. Appellant's first issue is overruled.

### B. Denial of Motion to Dismiss

In his second issue, Appellant complains that the trial court abused its discretion when it denied Appellant's motion to dismiss the attorney ad litem's cross-petitions, in which the attorney ad litem sought to terminate the parent-child relationship between Appellant and K.D. Appellant's complaint is based upon the newly appointed guardian ad litem's failure to interview Appellant and timely provide Appellant with a copy of the guardian ad litem's report. *See* FAM. § 107.002(b), (g). We note that the child was not without a guardian ad litem prior to the appointment of the substitute guardian ad litem; the attorney ad litem had previously been appointed in the dual capacity of attorney ad litem and guardian ad litem as permitted by Section 107.0125 of the Family Code. Appellant has cited no authority, and we can find none, to support his contention that any failure on the part of the guardian ad litem to comply with Section 107.002(b) or (g) constitutes grounds for the dismissal of the petition to terminate his parental rights. We overrule Appellant's second issue.

### III. *This Court's Ruling*

We affirm the order of the trial court.


MIKE WILLSON

May 15, 2015                                    JUSTICE

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

5