**Affirmed and Memorandum Opinion filed April 16, 2020.**



**In The**

# Fourteenth Court of Appeals

_____

## NO. 14-19-00017-CV
_____

**FRANK EDWARD TEAMER, Appellant**

**V.**

**GWENDOLYN MARTIN, Appellee**

**On Appeal from the 257th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2017-81908**

## MEMORANDUM OPINION

This is an appeal from a final decree of divorce in the marriage between Gwendolyn Martin ("Wife") and Frank Teamer ("Husband"). Wife filed the underlying petition, and Husband filed a pro se answer. Husband then received notice that the case had been set for a trial on the merits, but due to his incarceration, he did not appear for the trial. After briefly hearing testimony from Wife, the trial court granted a default judgment of divorce. Husband did not move for a new trial. Instead, he appealed the judgment in what we construe to be four issues.

Before reaching any of those issues, we first address Wife's point that we lack appellate jurisdiction. Wife argues that we should summarily dismiss the appeal because Husband filed his notice of appeal thirty-two days after the trial court's final judgment. Wife correctly observes that an appeal must ordinarily be perfected within thirty days of the judgment. *See* Tex. R. App. P. 26.1. But Wife fails to consider the mailbox rule, which provides that a document is deemed timely if it is sent to the proper clerk by first-class mail, deposited in the mail on or before the last day for filing, and received not more than ten days tardily. *See* Tex. R. Civ. P. 5. Husband complied with this rule by mailing his notice of appeal within thirty days of the day of judgment. We therefore conclude that his notice of appeal was timely and that we have appellate jurisdiction.

Proceeding now to the merits, Husband argues that the trial court violated his constitutional right to due process by rendering a default judgment "without written order, hearing, or representation." Insofar as Husband contends that he did not receive notice of the trial, the record does not support his argument. The trial court issued a scheduling order more than four months in advance of the trial date, which served as notice that the case was set for trial on the merits. And insofar as Husband contends that he was denied the right to counsel, the argument fails because Husband never requested the appointment of counsel. *See* Tex. R. App. P. 33.1. Also, civil litigants are generally not entitled to be represented by counsel absent a legislative mandate. *See In re State*, 556 S.W.3d 821, 827 (Tex. 2018) (orig. proceeding). We are not aware of such a mandate in the divorce context. Husband could have represented himself at his divorce trial had he requested a bench warrant, but the record does not reveal that he ever moved for a bench warrant, which was his burden. *See In re Z.L.T.*, 124 S.W.3d 163, 165–66 (Tex. 2003).

In his second issue, Husband complains that the trial court deprived him of discovery, which he sought to obtain through a motion for mediation. This issue has not been preserved for appellate review because Husband did not set his motion for a ruling, nor has he shown that the trial court refused to rule on the motion. *See* Tex. R. App. P. 33.1.

Husband argues next that the default judgment should be set aside because Wife committed a fraud on the court "by withholding information pertaining to income held jointly in the form of income tax refunds to which she was trustee while [Husband] was in prison and is owed to him still through the breach of fiduciary duty." This issue has not been preserved either because it requires the consideration of evidence and it was never raised in a motion for new trial. *See* Tex. R. Civ. P. 324(b)(1) ("A point in a motion for new trial is a prerequisite to . . . a complaint on which evidence must be heard such as . . . failure to set aside a judgment by default."); *cf. Mamou v. Sias*, No. 14-10-01154-CV, 2011 WL 2803437, at *2 (Tex. App.—Houston [14th Dist.] July 19, 2011, no pet.) (mem. op.) (in an appeal from a post-answer default judgment, the defendant's complaint that he did not receive proper notice of the trial setting could not be considered by the appellate court because the defendant did not preserve the complaint in a motion for new trial).

In his final issue, Husband argues that the divorce decree is null and void because the trial court lacked jurisdiction to enter it. In support of this argument, Husband relies solely on 28 U.S.C. § 1346(f), which provides that federal district courts "shall have exclusive original jurisdiction of civil actions under section 2409a to quiet title to an estate or interest in real property in which an interest is claimed by the United States." But that statute does not apply here because Wife's civil action was a simple petition for divorce, not a petition affecting real property claimed by the federal government.

For the reasons stated above, we overrule each of Husband's issues and affirm the trial court's judgment.


/s/ Tracy Christopher
   Justice


Panel consists of Justices Christopher, Wise, and Zimmerer.

4