

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00157-CV
_____

IN THE INTEREST OF P.L., A CHILD

_____

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2016-523,382, Honorable Edward Lee Self, Presiding

_____

August 23, 2018

MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

Following a jury trial, the trial court signed a judgment in accordance with the jury verdict that terminated the parent-child relationship between "Cody" and his son, "Peter."[1] Raising two issues, Cody contends that the trial court erred in denying his request for a mistrial and challenges the legal and factual sufficiency of the evidence supporting the jury's predicate grounds and best interest findings to support termination of his parental rights. We affirm.

---

[1] To protect the privacy of the parties involved, we will refer to the appellant father as "Cody," the mother of the child as "Veronica," and the child the subject of this appeal as "Peter." *See* TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2017); TEX. R. APP. P. 9.8(b). Veronica's parental rights were terminated following a trial on November 29, 2017. She does not appeal.

## Factual and Procedural Background

In November 2016, the Texas Department of Family and Protective Services filed its petition for protection, conservatorship, and termination of the parental rights of Cody and Veronica as to their three-month-old son, Peter. Peter was removed after the Department received a report that Veronica was incarcerated after her arrest for possession of drug paraphernalia and methamphetamine. Cody was serving a forty-six-month federal sentence for possession of methamphetamine and aiding and abetting at the time of the removal and he has remained incarcerated throughout this case.

A bench trial before the associate judge was held on November 29, 2017. Cody appeared by telephone and his court-appointed counsel was present at trial. The parental rights of Cody and Veronica were terminated. Cody then requested a de novo jury trial.

The trial judge authorized Cody's telephonic appearance for the jury trial. The written authorization was faxed to the prison facility two times before the jury trial commenced.[2] On the first day of trial, Cody appeared telephonically for the first half of jury selection. The federal prison where Cody is incarcerated did not permit him to participate after the morning session of trial. Cody's attorney moved for a mistrial as soon as she learned of the federal facility's lack of cooperation in allowing Cody to appear by telephone. Since he was unavailable as a witness, the trial court admitted portions of Cody's testimony from the termination trial before the associate judge.

---

[2] Cody's brief refers to a bench warrant authorizing Cody's appearance by telephone, but there is no request for a bench warrant in the record or an order authorizing a bench warrant. There are, however, two letters signed by the trial judge and addressed to the federal facility requesting that Cody be allowed to participate in the jury trial by telephone. The first letter is dated April 13, 2018, and the second letter is dated April 23, 2018, the morning jury selection began. Both letters appear to have been sent by facsimile.

The jury returned a verdict terminating Cody's parental rights to Peter on the grounds of endangering conditions, endangerment, constructive abandonment, and failure to comply with the provisions of a court order necessary to retain custody of the child. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (N), (O) (West Supp. 2017).[3] The jury also found that termination was in Peter's best interest. *See* § 161.001(b)(2).

Applicable Law

A parent's rights to the "companionship, care, custody, and management" of his or her child is a constitutional interest "far more precious than any property right." *Santosky v. Kramer*, 455 U.S. 745, 758-59, 102 S. Ct. 1388, 71 L. Ed. 2d 599 (1982); *see In re M.S.,* 115 S.W.3d 534, 547 (Tex. 2003). Consequently, we strictly scrutinize termination proceedings and strictly construe the involuntary termination statutes in favor of the parent. *Holick v. Smith,* 685 S.W.2d 18, 20 (Tex. 1985). However, "the rights of natural parents are not absolute" and "[t]he rights of parenthood are accorded only to those fit to accept the accompanying responsibilities." *In re A.V.,* 113 S.W.3d 355, 361 (Tex. 2003) (citing *In re J.W.T.*, 872 S.W.2d 189, 195 (Tex. 1993)). Recognizing that a parent may forfeit his or her parental rights by his or her acts or omissions, the primary focus of a termination suit is protection of the child's best interests. *See id.*

In a case to terminate parental rights by the Department under section 161.001 of the Family Code, the Department must establish, by clear and convincing evidence, that (1) the parent committed one or more of the enumerated acts or omissions justifying termination, and (2) termination is in the best interest of the child. § 161.001(b). Clear

---

[3] Further references to provisions of the Texas Family Code will be by reference to "section__" or "§ __."

and convincing evidence is "the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." § 101.007 (West 2014); *In re J.F.C.,* 96 S.W.3d 256, 264 (Tex. 2002). Both elements must be established and termination may not be based solely on the best interest of the child as determined by the trier of fact. *Tex. Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531, 533 (Tex. 1987); *In re K.C.B.,* 280 S.W.3d 888, 894 (Tex. App.—Amarillo 2009, pet. denied). "Only one predicate finding under section 161.001[(b)](1) is necessary to support a judgment of termination when there is also a finding that termination is in the child's best interest." *In re A.V.,* 113 S.W.3d at 362.

Analysis

Issue One

In his first issue, Cody argues that the trial court violated his rights under the U.S. Constitution by denying his request for a mistrial because he was not allowed to participate beyond the first morning of jury selection.

We review a trial court's ruling on a motion for mistrial for an abuse of discretion. *In re J.A.*, 109 S.W.3d 869, 874 (Tex. App.—Dallas 2003, pet. denied). Under an abuse of discretion standard, an appellate court may reverse the trial court's ruling only if the trial court acted without reference to any guiding rules and principles, such that its ruling is arbitrary and unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Id.* at 242.

4

A litigant cannot be denied access to the courts simply because he is incarcerated. *In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003).  However, an inmate's presence at trial is not absolute and must be weighed against the protection of our correctional system's integrity.  *Id.*  In evaluating the need for an inmate's presence at trial, courts have considered the following factors:  the cost and inconvenience of transporting the prisoner to the courtroom; the security risk the prisoner presents to the court and public; whether the prisoner's claims are substantial; whether the matter's resolution can reasonably be delayed until the prisoner's release; whether the prisoner can and will offer admissible, noncumulative testimony that cannot be effectively presented by deposition, telephone, or some other means; whether the prisoner's presence is important in judging his demeanor and credibility; whether the trial is to the court or a jury; and the prisoner's probability of success on the merits*.  Id.* at 165-66.  The burden is on the inmate to justify the necessity of his presence by producing evidence of the factors.  *See id.* at 166.

To preserve a constitutional claim for appellate review, a party must raise the issue in the trial court.  Tᴇx. R. Aᴘᴘ. P. 33.1; *In re L.M.I.*, 119 S.W.3d 707, 711 (Tex. 2003) (holding that, to preserve argument for appellate review, including constitutional arguments, party must present it to trial court by timely request, motion, or objection, state specific grounds therefor, and obtain ruling).  We may not consider a complaint that was not ruled on by the trial court.  As explained by the Texas Supreme Court:

> [A]llowing appellate review of unpreserved error would undermine the Legislature's intent that cases terminating parental rights be expeditiously resolved, thus 'promoting the child's interest in a final decision and thus placement in a safe and stable home.'

*In re L.M.I.*, 119 S.W.3d at 711 (quoting *In re J.F.C.,* 96 S.W.3d at 304 (Schneider, J., dissenting)). An issue is waived when the objection on appeal does not comport with the objection made at trial. *In re R.L.T.*, No. 07-02-00332-CV, 2003 Tex. App. LEXIS 5289, at *7 (Tex. App.—Amarillo June 24, 2003, no pet.) (mem. op.).

When Cody could not be reached by phone following the noon recess on the first day of trial, his attorney moved for a mistrial "because the federal system will not put him on the telephone." The judge stated, "Counsel has done everything she can to have [Cody] participate by telephone during the jury selection, that he was able to participate by telephone during the morning session, but we have been unable to reach him again on the telephone for the afternoon session."

The next day, prior to opening statements, Cody's attorney again moved for "a continuance and/or a mistrial based on the federal government's lack of cooperation in procuring my client's presence telephonically." The trial court responded, "[W]e've done everything we can to have [Cody] participate. We've been unsuccessful. So I'll deny your motions."

Later that day, Cody's counsel made a record of her due diligence to secure his telephonic appearance.[4] During a discussion about admitting Cody's testimony from the hearing before the associate judge, Cody's attorney stated, "without [Cody's] participation telephonically, the jury is robbed from hearing his voice and his demeanor. And,

---

[4] Outside the presence of the jury, Cody's counsel put the following on the record: "I have exercised due diligence in procuring [Cody's] participation telephonically. I had the Court Coordinator for the 364th Court draft a letter over your signature, and it was sent to them. Two different letters were sent to them effectively. One signed, I believe by you, and then it was edited, and the second edition was signed by you yesterday. And I've had lack of cooperation with the federal penitentiary, and they are refusing to allow [Cody] to participate telephonically regarding this termination lawsuit. That's all I have."

therefore, you know, reading a straight, dry read of a transcript is biased." Finding the prior testimony admissible, the trial court stated:

> I understand, but I, of course, concur with your statement earlier that the federal authorities are not willing to cooperate with us. They have refused to take our telephone calls, and all attempts at trying to get [Cody] today where he could participate personally have been unsuccessful. And so far as I know, we have tried everything possible to get him here. So I concur with your statement that you've exercised all due diligence to get him here. And, therefore, he would be a witness who is unavailable today. His prior testimony under oath with all counsel and parties present will be admissible.

While Cody's counsel moved for mistrial, at no time during the trial did counsel move for mistrial or object to proceeding with trial specifically on constitutional grounds nor was a constitutional argument raised in a motion for new trial. Accordingly, Cody has failed to preserve his alleged constitutional violation for appellate review. *See In re A.G.*, No. 07-17-00298-CV, 2018 Tex. App. LEXIS 243, at *5 (Tex. App.—Amarillo Jan. 9, 2018, pet. denied) (mem. op.); *In re A.S.D.*, No. 02-10-00255-CV, 2011 Tex. App. LEXIS 9205, at *31-32 (Tex. App.—Fort Worth Nov. 17, 2011, no pet.) (mem. op.) (failure to raise constitutional complaints at trial fails to preserve them for appeal).

Even if Cody had properly preserved the issue, he would not prevail. The trial court granted Cody's request to appear by telephone and the trial court twice sent letters authorizing his participation by teleconference to the federal facility where Cody was incarcerated in the days leading up to the jury trial. However, the trial court lacked the authority to compel Cody's attendance because he was incarcerated in a federal facility in another state. *See In re C.P.V.Y.*, 315 S.W.3d 260, 269-71 (Tex. App.—Beaumont 2010, no pet.) (father appeared telephonically on first day of termination trial but could not do so on the second day due to a lockdown at the prison; no violation of father's

7

constitutional right to be present at trial where trial court granted father's request for writ of habeas corpus but lacked authority to compel attendance because father was incarcerated in federal facility in another state and federal government refused to honor trial court's order.).

We do not find any indication in the record that Cody sought a bench warrant or produced evidence of the *In re Z.L.T.* factors explaining why Cody's presence was necessary. *See In re Z.L.T.*, 124 S.W.3d at 165-66. The trial court admitted Cody's testimony from the trial before the associate judge which occurred only a few months before the jury trial and involved identical parties and representation. Cody's attorney was present throughout the jury trial to mount a defense on his behalf, including presenting evidence, cross-examining witnesses, and giving argument. Incarcerated throughout the case, Cody does not argue that his circumstances have changed between the time that trial was held before the associate judge and the jury trial, or that his testimony would have been different. Finding the trial court did not abuse its discretion in denying the motion for mistrial, we overrule Cody's first issue.

Issue Two

In his second issue, Cody challenges the legal and factual sufficiency of the evidence to support the predicate grounds for termination and the best interest finding. However, we are not shown nor do we find any record indication that Cody preserved his legal and factual sufficiency complaints in the trial court. *See* TEX. R. APP. P. 33.1(a). "Important prudential considerations underscore our rules on preservation. Requiring parties to raise complaints at trial conserves judicial resources by giving trial courts an

opportunity to correct an error before an appeal proceeds." *In re B.L.D.*, 113 S.W.3d 340, 350 (Tex. 2003).

To preserve a legal sufficiency challenge on appeal following a jury trial, an appellant must have: (1) moved for an instructed verdict; (2) moved for judgment notwithstanding the verdict; (3) objected to the submission of a jury question; (4) moved to disregard the jury finding; or (5) moved for a new trial. *In re S.R.-B.*, No. 02-15-00301-CV, 2016 Tex. App. LEXIS 629, at *3 (Tex. App.—Fort Worth Jan. 21, 2016 no. pet.) (mem. op.); *In re C.L.*, No. 07-14-00180-CV, 2014 Tex. App. LEXIS 11104, at *11 (Tex. App.—Amarillo Oct. 7, 2014 no pet.) (mem. op). After a jury trial, factual sufficiency challenges must be raised in a motion for new trial. Tex. R. Civ. P. 324(b)(2), (3); *In re M.S.*, 115 S.W.3d 534, 547 (Tex. 2003); *In re D.J.J.,* 178 S.W.3d 424, 427 (Tex. App.—Fort Worth 2005, no pet.).

Cody took none of the above actions necessary to preserve his sufficiency complaints and therefore has preserved nothing for our review. We overrule Cody's second issue.

Conclusion

Having overruled both of Cody's issues, we affirm the trial court's judgment.

Judy C. Parker
Justice

9